**INDEPENDENT SCHOOL DISTRICT NO. 4, SEQUOYAH COUNTY, Oklahoma, a Body Corporate, Plaintiff in Error,**

v.

**STATE BOARD OF EDUCATION, State of Oklahoma, Defendant in Error,**

Independent School District No. 1, Sequoyah County, Oklahoma, a Body Corporate, Intervenor.

No. 42304.

Supreme Court of Oklahoma.

March 4, 1969.

Jim Jones, J. Fred Green, Sallisaw, for plaintiff in error.

Roy Frye, Jr., Paul V. Carlile, Sallisaw, for intervenor.

HODGES, Justice.

Parties will be referred to as they appeared in the trial court for convenience, that is, Independent School No. 4, Sequoyah County, Oklahoma, a Body Corporate, as plaintiff, Oklahoma State Board of Education as defendant, and Independent School District No. 1, Sequoyah County, a Body Corporate, as intervenor.

Plaintiff filed its petition in the District Court of Oklahoma County on the 18th day of May 1966, asking that an order issued by the defendant, State Board of Education on October 13, 1949, be set aside. The order annexed a portion of the plaintiff school district to the intervenor school district. Plaintiff does not attack the proceedings of the election upon which the order was based or the manner in which it was held, but does challenge the result of the election in that it divided plaintiff school district in two parts that were not adjacent or contiguous. They contend that such a division would destroy the status of

a "district" within the meaning of 70 Okl. St.Ann. § 7–1, and therefore the election is void.

Intervenor answered alleging plaintiff has known and abided by the order for a period of over 16 years without raising an objection; has not considered the annexed area as part of its district; has not collected taxes from this area either in the way of state aid or ad valorem taxes; has effected transfers from the annexed area to its district of pupils who desire to attend its schools; and has recognized this area as belonging to intervenor since 1949. Intervenor contends that by virtue of these acts and the prolonged delay in challenging the validity of the election, the plaintiff is now barred by laches, estoppel, and the statute of limitations.

The case was tried upon stipulation and oral testimony of the Assistant State Superintendent of the State Board of Education. The trial court held that the action was barred by the statute of limitations, laches, and estoppel.

Plaintiff cites a number of cases in its brief for the proposition that an election which results in dividing a school's district in two parts which are neither adjacent nor contiguous, is void and can be collaterally attacked at any time. We feel that it is not necessary to discuss the validity of the election in view of the period of time that has elapsed from the date of the election and order of the defendant school board of July 7, 1949, and the date this action was begun (first filed in Sequoyah County on December 8, 1965) May 18, 1966.

An examination of the record reveals that for a period of over sixteen years following the detachment of the annexed area from the plaintiff's district and annexation to the intervenor's district, plaintiff has in no way acted or considered the annexed area as a part of its district. On the other hand, the Intervenor has treated this area as part of its district since October 12, 1949. The annexed area has been recognized as belonging to the intervenor by all

parties concerned, including the State Treasurer, the State Board of Education, the County Assessor, County Treasurer and County Superintendent of Sequoyah County, and the school district officials of both districts and by the taxpayers in the area. Throughout this period the plaintiff district obtained transfers for students residing in the area annexed who desired to attend the plaintiff's schools. In addition to all parties recognizing that intervenor school district No. 1, was the Body Corporate that administered the annexed area, bond issue elections for school construction were held on three separate occasions, with the annexed area included in the assessed valuation; that since 1949 the taxpayers in the annexed area have paid taxes to independent school district No. 1 and none to the plaintiff school district; that the school district electors in the area annexed have voted in all school elections in intervenor school district No. 1, and have not voted in plaintiff school district No. 4. All of the above conduct occurred over a period of in excess of sixteen years.

■ The question of estoppel by laches was raised by the intervenor asserting that this doctrine applies as between these parties. Ordinarily the doctrine of laches or estoppel is not available as against the government in respect to a public right; however in the public interest and on the ground of public policy, the state may be precluded from attacking the franchise of a municipal corporation on the ground of illegality in its incorporation where it has failed to raise the question for a considerable period of time. State ex rel. Green v. Condren, 178 Okl. 236, 62 P.2d 635. The theory of estoppel and laches not applying to the government is to protect a public policy or interest, not to interfere with the enforcement of a public policy or interest.

In the Condren case the State of Oklahoma acquiesced in the formation of an illegal school district for a period of 15 years, then brought an action upon the relation of the county attorney to test the validity of the formation of the school dis-

trict. The court in the body of the opinion quoted from the case of People v. Maynard, 15 Mich. 463, 470, as follows:

"In public affairs, where people have organized themselves under color of law into the ordinary municipal bodies, and gone on year after year raising taxes, making improvements, and exercising their usual franchises, their rights are properly regarded as depending quite as much on the acquiescence as, on the regularity of their origin, and no ex post facto inquiry can be permitted to undo their corporate existence. Whatever may be the rights of individuals before such general acquiescence, the corporate standing of the community can no longer be open to question."

The plaintiff for a period of over 16 years made no complaints concerning the annexed area. Without any objection or complaint they have allowed the electors to vote, taxes to be assessed and paid, state funds to be allocated and bond issues to be voted and improvements made. During this period of time they have allowed the rights of the intervenor school district to become vested, which have been recognized and accepted by both the county and state educational authorities and the community it serves. Now they assert the election is void, not because of any failure to conform to statutory requirements in conducting the election which denied them any right of due process, but because the result of the election geographically contravenes a statutory limitation. Under such circumstances, after an unexcusable delay of more than 16 years, we are not inclined to invoke or lend the processes for judicial relief. We adopt instead the equitable principle expounded in Greenup County Board of Education v. Savage, 256 Ky. 259, 75 S.W.2d 768. There the court said:

"* * * where a school district has been established and in operation for a long time, public policy is against declaring the organization fatally defective unless there is some insuperable obstacle in the way."

We find that the plaintiff by long acquiescence and continued recognition of the annexed area is estopped from asserting any illegality of the 1949 election and annexation order of the Oklahoma State Board of Education.

Judgment affirmed.

All Justices concur.