The BOARD OF EDUCATION OF OKAY INDEPENDENT SCHOOL DISTRICT NUMBER ONE OF WAGONER COUNTY, Oklahoma, Petitioner,

v.

The Honorable E. G. CARROLL, Judge of the District Court of the 15th Judicial District, Wagoner County, Oklahoma, Respondent.

No. 46700.

Supreme Court of Oklahoma.

Aug. 22, 1973.

Joe P. Robertson, Wagoner, for petitioner.

Earl Youree, Wagoner, for respondent.

IRWIN, Justice.

This original proceeding involves the transfer of three children who, through their parents, filed applications for transfer from the school district of their residence (Okay Independent School District No. 1, the petitioning school district) to Wagoner Independent School District No. 19. The county superintendent denied the applications. On appeal to the district court the Respondent Judge granted the applications for transfer.

Petitioner's application, presented upon a combined petition for Writ of Certiorari and Writ of Prohibition, requests this Court to Assume Original Jurisdiction and Issue a Writ of Prohibition directing the Respondent to desist and refrain from enforcing or seeking to enforce the order transferring the children.

The first issue presented is whether this Court should consider in these proceedings a narrative statement of the evidence adduced and proceedings conducted before the trial court in lieu of a stenographic transcript. The facts forming the basis · for this issue are briefly summarized.

At the hearing in the trial court neither party requested a court reporter and the proceedings were not transcribed. The judgment presented recites no grounds as constituting the basis for approval of the transfers. Respondent, by and through the Applicants, moved in this Court for dismissal on the theory that nothing was presented for review other than the pleadings and the judgment and that the judgment was

fully supported by the pleadings, and contended that this Court will not disturb a trial court's judgment in the absence of a showing that the judgment is contrary to the evidence.

Thereafter, a hearing was conducted by an assigned Justice and an order was entered wherein it was found that no stenographic record could be obtained of the evidence and proceedings before the trial court and directing preparation of an agreed narrative statement within the purview of Rule 1.22 of the Rules of Appellate Procedure in civil cases. 12 O.S.1971, Ch. 15, App. 2. The narrative was prepared and agreed to substantially in record with the tenor of Rule 1.22 although counsel seeking to uphold the trial court's judgment questioned the propriety of the order and specifically reserved the right to challenge the use by this Court of the narrative statement. The order directing preparation of the statement was not issued by the Court in conference but, in effect, by the assigned Justice over the signature of the Chief Justice. We now must determine whether this Court should consider the narrative statement as a part of the record in these proceedings.

Applicants contend that Rule 1.22 is applicable only in regular appellate proceedings and may not be employed in these proceedings. Rule 38 of the Special Rules applicable to Original Proceedings in this Court (12 O.S.1971, Ch. 15 App. 1) provides that all proceedings shall conform to the general rules of this Court, and where those rules are not applicable, this Court, by rules, shall provide the procedure to be followed. The procedure adopted by the assigned Justice to obtain a record on which to review the trial court proceedings and judgment is approved by the Court and the narrative statement may and will be considered in these proceedings.

Applicants' applications for transfer were based on the theory that the *grade* offered and in which they desired to enroll was being offered by Wagoner Independent School District No. 19, but was not offered by Okay Independent School District No. 1.

70 O.S.1971, § 8—102, as amended in 1973 (1973 Oklahoma Session Laws, Chapter 90) provides, inter alia, that "A. The county superintendent of schools shall grant an application for transfer of a child from the district in which he resides to another school district furnishing instruction in the grade he is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. * * * if the grade such child is entitled to pursue is not offered in the district where such child resides, the transfer must be approved * * *."

In the case at bar, the board of education of the sending school (Okay Independent School District No. 1) did not approve the transfers. Therefore, we must determine if such school offered the *grades* the children were entitled to pursue.

Applicants contend that the words "grade" and "class" should be construed as having the same meaning. Applicants argue that since Okay is not offering the "classes" they are entitled to pursue, such as music and band, Okay is not offering the "grade" they are entitled to pursue and the transfers must be approved.

In 1963, the Legislature clearly made a distinction between the meaning of the word "grade" and the words "vocational subject or subjects". 70 O.S.Supp.1963, § 8—3, provided, inter alia, that "(a) The county superintendent of schools shall grant an application for transfer of a child from the district in which such child resides to another school district furnishing instruction in the grade he is entitled to pursue if (1) the school district in which the pupil resides does not offer the grade which the pupil is entitled to pursue, and such pupil wishes to attend school outside the transportation area where the pupil resides, or * * * if (4) the school district in which the pupil resides does not offer the vocational subject or subjects which the pupil desires to pursue and such transfer has the approval of the board of

education of the district receiving the transfer. * * *." This last proviso is not contained in our present law as set forth in § 8—102, as amended in 1973.

Under the above provisions, prior to amendment, transfers involving "the grade the pupil is entitled to pursue" did not require the approval of the receiving district, whereas, in transfers involving "vocational subject or subjects", such approval is required. In our opionion had the Legislature intended that the words "grade", "class" or "subject," should have the same meaning in its enactment of 70 O.S.1973, Supp. § 8—102, supra, it would have used different language.

■ We hold that the word "grade" as employed in 70 O.S.1973, Supp. § 8—102, supra, does not have the same meaning as the words "classes" or "subjects" and the fact that Okay School District No. 1 does not offer classes in music and band which applicants are desirious of taking does not mean that such school does not offer the grade which applicants are entitled to pursue.

The enumerated reasons set forth in 70 O.S.Supp.1973, § 8—102, are the only grounds upon which a transfer may be granted by a county superintendent pursuant to said statutory provision. Board of Education of Independent School District No. 1 of Tulsa County, Oklahoma v. Clendenning, Okl., 431 P.2d 382; and Board of Education of Independent School District No. 2 of Noble County, Oklahoma v. Maris, Okl., 458 P.2d 305.

We hold that Applicants were not entitled to transfers on the grounds that Okay Independent School District No. 1 did not offer the grades which they were entitled to pursue.

Applicants contend that our statutory grounds for transfer violates the equal protection clause of the 14th Amendment of the Federal Constitution. Applicants argue that the Supreme Court of the United States has held that where a state undertakes to furnish free education it must furnish education to all students on an equal basis; and that they will be deprived of an equal education unless they are authorized to transfer to Wagoner Independent School District No. 19.

Art. 13, § 1, Oklahoma Constitution, provides that the Legislature shall establish and maintain a system of free public schools wherein all the children of the State may be educated. In Board of Education of City of Ardmore v. State, 26 Okl. 366, 109 P. 563, we said that the word "system" itself imports a unity of purpose as well as an entirety of operation, and the direction to the Legislature to "establish and maintain a system of free public schools" means one system, which shall be applicable to all the public schools within the State.

■ The Legislature has established and maintained a system of free public schools. We find no merit in applicants' contention that the system established by our Legislature violates their constitutional rights on the grounds that one school district offers a class or subject which the school district of their residence does not offer.

Application to assume original jurisdiction granted; and Respondent Judge is prohibited from enforcing or seeking to enforce the order transferring the Applicants from Okay Independent School District No. 1 to Wagoner Independent School District No. 19.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.