**BOARD OF EDUCATION OF INDEPEND-
ENT SCHOOL DISTRICT NO. 48 OF
HUGHES COUNTY, State of Oklahoma,
Petitioner,**

**v.**

**The Honorable Bob RIVES, Associate Dis-
trict Judge of the Twenty-Second Judicial
District, Hughes County, Oklahoma, Re-
spondent.**

No. 47814.

Supreme Court of Oklahoma.

Dec. 3, 1974.

Rehearing Denied Feb. 4, 1975.

Larry L. French, Edwards & French, Seminole, for petitioner.

George Oliphant, Dist. Atty., Holden-ville, Jim F. Gassaway, Deaton, Gassaway & Davison, Inc., Ada, for respondent.

LAVENDER, Justice:

At a special hearing, this court directed a narrative statement prepared for consideration in this proceeding. Civil Appellate Procedure Rules, Rule 1.22, 12 O.S.A., Ch. 15, Appendix 2; Board of Education of Okay Ind. Sch. Dist. v. Carroll, Okl., 513 P.2d 872 (1973). Facts in this opinion are based on that narrative statement, verified statements attached to pleadings and not controverted, and facts found in the briefs, not in dispute or are admitted therein.

June 4, 1974, petitioner (school district) as the sending district through its Board of Education notified the County Superintendent, Hughes County, it had not approved seventeen pupil transfers. The county superintendent did not grant the transfers. Parents of the pupils appealed to the district court, as allowed by 70 O.S. 1971, § 8–103. Respondent judge in a hearing held June 28, 1974, rendered a decision approving the transfers. That decision is evidenced by court minute under date of hearing. The minute states:

"The Court finds, upon hearing the evidence in each Application, that it is to the best interest, education and welfare of the child, or children involved, that the transfer be approved. All transfers filed are approved by the Court."

The disapproving and sending school district seeks a writ of prohibition against that court's decision.

This court does assume jurisdiction in this matter. Section 8–103 does not provide for an appeal. It reads in part:

" * * * and such appeal (from the action of the county superintendent) shall be heard, and a decision rendered thereon, not later than June 30, and such decision shall be final." (explanation added)

School district contends district court was without power to approve the transfers on grounds not existing by statute. 70 O.S. 1971, § 8–102, as amended. We have heretofore assumed original jurisdiction as to district court decisions in pupil transfer cases. Duncan v. Askew, 207 Okl. 542, 251 P.2d 515 (1952); Board of Education of Okay Ind. Sch. Dist. v. Carroll, supra. To hold this court cannot assume original jurisdiction in pupil transfer cases would deny any review of an arbitrary or unlawful act by a district court.

Transfer of pupils is statutory. The school code at § 8–102, supra, sets out the grounds for transfer.[1] The county superintendent shall grant the transfer if approved by both the sending and receiving districts. Regardless of the approval requirement by both districts, the transfer must be approved if the pupil's grade is not offered in his resident district. The State Board of Education may transfer a child to a school district in another state under certain conditions and determinations to be for the "best interest" of the

---

1. "§ 8–102. Grounds for transfer.
A. The county superintendent of schools shall grant an application for transfer of a child from the district in which he resides to another school district furnishing instruction in the grade he is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. A student who transferred during the 1972–73 school year may continue to attend the school to which he transferred with approval of the receiving district only, and any brother or sister of such student may attend such school with approval of the receiving district only, provided that this provision shall not apply to dependent elementary school districts or to pupils transferred for the purpose of attending classes in special education. Provided, however, if the grade such child is entitled to pursue is not offered

in the district where such child resides the transfer must be approved. Provided, a child may be transferred by the State Board of Education to a school district in another state, if the board of education of the school district in which the child resides and the board of education of the high school district in whose transportation area the child resides determines that the best interests of the child will best be served by such transfer. No transfer shall be granted for any reason not hereinbefore specified. No child shall be transferred under the provisions of this article to a school district other than the one designated in the application for his transfer."
　　*　　*　　*　　*　　*
B. (Relates to child changing residence to another district after transfer. Not material to present case.)

child. By a 1973 amendment a student transferred during the 1972–73 school year may continue, also a brother or sister may transfer to that district on approval only of the receiving district. Subdivision B of the section deals with change of residence to another school district by a transferred student. These are the sole statutory grounds.

The school code of 1949 as amended, 70 O.S.1961, § 8–3, allowed as grounds for a transfer the "best interest" of the child for health as properly certified or if so determined by the resident school district. These grounds are no longer available by statute.

■ In the case at bar, the district court finds his approval of the pupil transfers is based on "the best interest, education and welfare of the child, or children involved." None of these grounds are found in the present statute. We can only conclude the district court exceeded its jurisdiction and powers under the transfer statute.

Respondent argues as a defense to this original action the doctrine of estoppel by laches. The school district did not seek relief from the approval of the transfers on June 28, 1974, until the filing of this original action September 23, 1974. This was after the school year had begun and the transferred pupils had been attending the receiving school for approximately six weeks.

State v. Condren, 178 Okl. 236, 62 P.2d 635 (1936) was a test as to the validity of the formation of a school district brought by the state. The organization of the school district was held void but this court applied the doctrine of estoppel by laches. The school district had been in existence 15 years before the attack upon it. In discussing this doctrine, the opinion quoted from 43 C.J. 101:

"While *neither the doctrine of laches nor of estoppel is ordinarily available as against the government* in respect of a public right, and in particular cases the facts have been held insufficient to constitute an estoppel, nevertheless, on the ground of public policy and interest, the state may be precluded from attacking the franchise of a municipal corporation on the ground of illegality in its incorporation where it has failed to raise the question for a considerable period of time, especially where during such period it has acquiesced in and recognized the existence of the municipality." (emphasis added)

The ordinary principal of not allowing the defense of estoppel by laches was again recognized in Independent School Dist. No. 4 v. State Board of Education, Okl., 451 P. 2d 684 (1969). There the validity of an election and order of annexation was attacked some 16 years later. Laches was allowed to be applied. We said:

" * * * The theory of estoppel and laches not applying to the government is to protect a public policy or interest, not to interfere with the enforcement of a public policy or interest."

■ With the amendment of the school code and the removal of the "best interest" grounds for pupil transfers the public policy is shown to be one of narrowing the reasons for allowing pupil transfers between school districts. To allow laches as a defense in the instant case would be an interference with that public policy and not a protection of public policy. This is particularly true here. The district court ignored the statutory change and based its approval of the transfers on grounds no longer available by statute.

■ The doctrine of laches or estoppel ordinarily is not available as against the government except in the public interest and on the ground of public policy. Although not absolutely essential usually a considerable period of time is involved.

■ It is the pupil wanting the transfer through the respondent who would apply the defense of laches. We do not believe that individual right, to a transfer based on grounds no longer available under the transfer statute, is of such a public interest so as to allow the application of estoppel by laches against the school district. Ap-

proximately three months elapsed between the district court approval of the pupil transfers and the bringing of this original action. A considerable period of time is not involved.

Original jurisdiction assumed; writ of prohibition granted; pupil transfers held invalid.

WILLIAMS, V. C. J., and BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., concurs in part and dissents in part.

IRWIN and HODGES, JJ., dissent.

DAVISON, C. J., did not participate.