INDEPENDENT SCHOOL DISTRICT NO. I–2 OF STEPHENS COUNTY, Oklahoma, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. I–23 OF JEFFERSON COUNTY, Oklahoma, et al., Appellees.

No. 48893.

Supreme Court of Oklahoma.

July 27, 1976.

Garvin, Bonney, Weaver & Corley, Duncan, for appellant.

James H. Ivy, Philip R. Scott, Milbern Jay Adams, Asst. Dist. Atty., Waurika, for appellees.

BERRY, Justice:

Appellant, Independent School District No. I–2 of Stephens County, Oklahoma [Comanche School District] commenced action seeking temporary injunction to enjoin appellees, Independent School District No. I–23 of Jefferson County, Oklahoma [Waurika School District] et al., from transferring and enrolling certain students for year 1975–76. Temporary injunction was denied by trial court on October 1, 1975.

Comanche School District has appealed.

The record shows Independent School District No. 22 of Jefferson County [Addington School District] was dissolved in 1961. A dispute arose between Waurika School District and Comanche School District as to which school former students of Addington School District would attend. Both Waurika School District and Comanche School District sought to annex Addington School District. As a result certain civil actions were filed in District Court of Jefferson County and appeals taken to Supreme Court of Oklahoma.

During pendency of such appeals various meetings were had between the two school districts in an effort to resolve their differences.

Finally, some time in 1961 or 1962 an official meeting was called at Addington School building. Board members of both Comanche School and Waurika School, and their respective attorneys attended. Also in attendance were patrons of Addington and officials from State Department of Education.

The town of Addington was divided by drawing transportation lines. Every consideration was given in drawing transportation lines as to which school each parent wished their children to attend. The result was a zigzagged line that former attorney for Comanche School District described as the "worse gerrymandered case he ever saw." It was thus agreed between respective Boards of Education and with approval of State Board of Education, that regardless of transportation lines, students residing in Addington could attend either Comanche School or Waurika School, whichever they chose. It was further agreed formality of written transfers was unnecessary.

This agreement was adhered to by both school districts until latter part of 1974–1975 school year when Superintendent of Comanche School objected to Superintendent of Waurika School.

As a result of this objection, applications for transfer were filed May 15, 1975, on behalf of eleven children, apparently residing in Comanche School District, who had attended Waurika School since they had begun first grade. These students range in age from seven to seventeen and are members of three separate families.

On May 23, 1975, Waurika County School District Clerk mailed notice to Comanche School that applications for transfer had been filed. Show cause hearing was set for June 3, 1975.

On May 29, 1975, Superintendent of Comanche objected in writing to transfers being granted. No one appeared from Comanche School District at show cause hearing set for June 3, 1975.

Thereafter, on June 20, 1975, Waurika County School District Clerk notified Comanche School District transfers had been granted.

Comanche School District filed petition in District Court of Jefferson County July 22, 1975, seeking temporary injunction halting transfers for 1975–1976 school year.

In denying temporary injunction, trial court made extensive findings of fact and conclusions of law. It held, inter alia, that Comanche School District was guilty of laches and was estopped to deny validity of transfers in question.

Comanche School District, in its brief, seeks review in this Court of decision of trial court for purpose of determination where pupils in question are required to attend school in future years.

■ Application to assume original jurisdiction and petition for writ of prohibition is proper method for challenging decision of trial court in pupil transfer matter. *Board of Ed. of Ind. Sch. D. No. 48, Hughes Cty. v. Rives, Okl.,* 531 P.2d 335.

Although Comanche School District asserts five propositions of error we are of opinion said propositions of error can be consolidated under single proposition of whether trial court erred in holding pupil transfers valid.

■ Transfer of pupils is statutory. 70 O.S.1971 § 8–102 [amended in 1973 and 1975] sets out grounds for transfer. It provides, inter alia, that county superintendent shall grant transfer if approved by both sending and receiving districts. *Board of Ed. of Ind. Sch. D. No. 48, Hughes Cty. v. Rives, supra.*

It is clear that pursuant to a long standing agreement between the two school districts pupils in question have been permitted to attend Waurika School District. Record is unclear even as to which school district pupils reside in. Parents, themselves, testified they were uncertain which school district they were in. Only reason applications for transfer were filed was because of rumors Comanche School District was going to prohibit pupils further attendance of school at Waurika School.

In *State v. Condren,* 178 Okl. 236, 62 P. 2d 635, we were faced with issue of validity of formation of school district which had been in existence 15 years prior to attack upon it. We applied doctrine of es-

toppel by laches and quoted from 43 C.J. 101:

"While neither the doctrine of laches nor of estoppel is ordinarily available as against the government in respect of a public right, and in particular cases the facts have been held insufficient to constitute an estoppel, nevertheless, on the ground of public policy and interest, the state may be precluded from attacking the franchise of a municipal corporation on the ground of illegality in its incorporation where it has failed to raise the question for a considerable period of time, especially where during such period it has acquiesced in and recognized the existence of the municipality."

In *Independent School Dist. No. 4 v. State Board of Education,* Okl., 451 P.2d 684, validity of an election and order of annexation was attacked some 16 years later. We state as follows:

" \* \* \* Under such circumstances, after an unexcusable delay of more than 16 years, we are not inclined to invoke or lend the processes for judicial relief. \* \* \*"

We hold that Comanche School District, which by its long acquiescense, inaction and continued recognition of the right of pupils in question to attend Waurika School, is now precluded from denying legality of transfers.

In so holding we are not unmindful of *Board of Ed. of Ind. Sch. D. No. 48, Hughes Cty. v. Rives,* supra. There, we refused to apply doctrine of laches in pupil transfer matter where school district waited three months after district court decision to seek writ of prohibition in this Court. We stated as follows:

"With the amendment of the school code and the removal of the 'best interest' grounds for pupil transfers the public policy is shown to be one of narrowing the reasons for allowing pupil transfers between school districts. To allow laches as a defense in the instant case would be an interference with that public policy and not a protection of public policy. This is particularly true here. The district court ignored the statutory change and based its approval of the transfers on grounds no longer available by statute.

"The doctrine of laches or estoppel ordinarily is not available as against the government except in the public interest and on the ground of public policy. Although not absolutely essential usually a considerable period of time is involved."

■ Facts of present case are vastly different. Here Comanche School District failed to attack pupil transfer agreement for some 15 years. We believe 15 years of acquiescence by Comanche School District is sufficient period of time to apply doctrine of estoppel by laches. We also believe that under unusual facts of this case the pupils' right to a transfer is of such a public interest so as to allow application of estoppel by laches against Comanche School District.

■ This opinion does not hold that pupils who are not involved in this litigation may, with impunity, attend school of their choice in future. Transfer of pupils is statutory and, under ordinary circumstances, school code will be applied regardless of equitable considerations.

We hold trial court judgment is not contrary to the evidence.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, SIMMS and DOOLIN, JJ., concur.

BARNES, J., concurs in result.