**BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NUMBER ONE OF TULSA COUNTY, Oklahoma, Petitioner,**

v.

**The Honorable B. R. BEASLEY, Judge of the District Court of the Fourteenth Judicial District, Tulsa County, Oklahoma, Respondent.**

**No. 49887.**

Supreme Court of Oklahoma.

Aug. 10, 1976.

Rosenstein, Fist & Ringold, by John G. Moyer, Jr., Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., Harold B. McMillan, Jr., Asst. Atty. Gen., Oklahoma City, amicus curiae.

BERRY, Justice:

Leonard Kenton Miller [Kent] and his younger brother, Leon Kelly Miller [Leon] filed application for transfer from Independent School District Number Four of Tulsa County [I–Four] to Independent School District Number One of Tulsa County [I–One] under provision of 70 O. S.1971 § 8–103.

70 O.S.Supp.1975 § 8–102, sets out general rule that county superintendent of

schools shall allow transfers from district in which student resides to another district when such transfer is approved by boards of education of sending and receiving districts. Other exceptions may be permitted under circumstances not herein involved.[1]

As receiving school, I–One approved Leon's transfer "because space is presently available at kindergarten level." However, it refused to approve Kent's application for transfer "because it is uncertain whether there will be adequate space available in the Junior High School level for the school year 1976–77." The county superintendent then denied Kent's application for transfer.

Kent appealed to District Court pursuant to § 8–103, supra.

The district Court overruled denial of transfer of Kent and approved transfer of Leon, thus approving both children's transfer to I–One from I–Four.

I–One seeks writ of prohibition prohibiting trial court from enforcing its order approving Kent's transfer to I–One.

The record indicates that the children and their parents would be better served and more conveniently accommodated by allowing Kent's transfer, and that denial of transfer may place additional hardship and inconvenience on the Millers. The two children live with their parents, Leon R. and Betty Sue Miller. The home is located in District I–Four, but both parents work in the area of school district I–One. Kent

is 12 years old and in Junior High and Leon is of kindergarten age.

District Court granted Kent's application for transfer for reason of "basic inconsistency" in allowing one child to attend I–One and requiring the other to attend I–Four while both parents worked in the area of I–One.

Transfer of pupils is statutory. *Board of Ed. of Ind. Sch. D. No. 48, Hughes Cty. v. Rives,* Okl., 531 P.2d 335.

70 O.S.Supp.1975, § 8–102A provides in part:

"* * * No transfer shall be granted for any reason not hereinbefore specified. * * *"

■ We find that the reason given by the District Court in approving transfer is not a reason found within present statute. *Board of Ed. of Ind. Sch. D. No. 48, Hughes Cty. v. Rives,* supra. We have heretofore assumed original jurisdiction as to district court decisions in pupil transfer cases. *Duncan v. Askew,* 207 Okl. 542, 251 P.2d 515; *Board of Ed. of Okay Ind. Sch. Dist. v. Carroll, Okl.,* 513 P.2d 872.

■ We conclude District Court exceeded its jurisdiction and powers under transfer statute. Transfer of Leonard Kenton Miller held invalid.

Original jurisdiction assumed. Writs of certiorari and prohibition granted.

WILLIAMS, C. J., and DAVISON, BARNES, SIMMS and DOOLIN, JJ., concur.

---

1. § 8–102. Grounds for transfer
A. The county superintendent of schools shall grant an application for transfer of a child from the district in which he resides to another school district furnishing instruction in the grade he is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. A student granted a transfer during the 1972–73 school year, or any school year thereafter, may continue to attend the school to which he transferred with approval of the receiving district only, and any brother or sister of such student may attend such school with approval of the receiving district only, provided that this provision shall not apply to pupils transferred for the purpose of attending classes in special education. Provided, however, if the grade such child is entitled to pursue is not offered in the district where such child resides, the transfer must be approved. Provided, a child may be transferred by the State Board of Education to a school district in another state, if the board of education of the school district in which the child resides and the board of education of the high school district in whose transportation area the child resides determines that the best interests of the child will be best served by such transfer. No transfer shall be granted for any reason not hereinbefore specified. No child shall be transferred under the provisions of this article to a school district other than the one designated in the application for his transfer.