REVALUATION SERVICES — CHARGES While there is no specific limit on the amount that may be charged by the assessor for revaluation services said amounts charged are limited to the payment of revaluation costs as provided in Title 68 O.S. 2481.4 [68-2481.4] (1971). There is no authority for the county treasurer and/or the county excise board to withhold the funds collected which are designated to a particular governmental entity until the fee for revaluation is paid. Title 68 O.S. 2481.4 [68-2481.4] (1971) does not allow the county treasurer and/or excise board who fails to submit the amount as provided in Section 68 O.S. 2481.4 [68-2481.4] to claim any funds of the entity for the year involved when such funds are not available for appropriation. The county assessor may charge an amount necessary to cover the cost of the revaluation program as provided in the special budget for such program as provided in Section 68 O.S. 2481.4 [68-2481.4]. The reassessment may take place at least once during the five year period but there is no statutory limit prescribing the number of times. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Is there any limit on the amount that may be charged by the assessor and by various county excise boards for revaluation services by the county assessor? 2. Is it proper for the county treasurer and/or the county excise board to withhold the funds collected which are designated to a particular governmental entity until the fee for revaluation is paid? 3. It is noted in Title 68 O.S. 2481.4 [68-2481.4] (1971), that each recipient shall appropriate the amounts necessary for revaluation. Assuming that no amount for such revaluation is submitted by the assessor to the entity involved prior to the setting of the yearly budget by said entity, may the county treasurer and/or excise board, who failed to submit the amount, claim any funds of the entity for the year involved for such services? 4. How many years can the county assessor or county treasurer charge for the reassessment? 5. How frequently can this reassessment take place? In considering your questions we direct your attention to Title 68 O.S. 2481.1 [68-2481.1] (1971), et seq. Section 68 O.S. 2481.4 [68-2481.4] sets forth the authority for payment of revaluation costs: "The cost of the comprehensive program of revaluation shall be paid by those who receive the revenues of the mill rates levied on the property of the county in the following manner: The county assessor shall prepare a special budget for such comprehensive program of revaluation and file the same with the county equalization and excise board. That board shall apportion such costs among the various recipients of revenues from the mill rates levied including the county, all cities and towns, all school districts and all sinking funds of such recipients, in the ratio which each recipient's total tax proceeds collected from its mill rates levied for the preceding year bears to the total tax proceeds of all recipients from all their mill rates levied for the preceding year. Such amounts shall be included in or added to the budgets of each such recipient, including sinking funds, and the mill rates to be established by the board for each such recipient for the current year shall include and be based upon such amounts. Then the board and each such recipient shall appropriate the said amounts to the county assessor for expenditure for the comprehensive program of revaluation." It is clear, in light of the above-quoted section, that charges with respect to revaluation services are limited to the cost of making such revaluation in the manner prescribed, and absent any other authority the county assessor and the county excise board are limited to collecting or charging an amount to recover the cost of such revaluation. Section 2481.3 provides that each county assessor shall make adequate provision to effect the county-wide evaluation program and that the county excise board shall authorize and levy amounts which in the judgment of the board will suffice to carry out the directions of the act. Therefore, in answer to your first question, it is clear that there is no specific limit on the amount that may be charged by the assessor but that such charges are limited to paying the costs of the revaluation program. With respect to your second question, a long standing case law interpretation in the State of Oklahoma is that public officials may only do that which is specifically authorized by statute. See Gammill v. Shackelford, 480 P.2d 920 (1970), and Tulsa Exposition and Fair Corp. v. Board of County Commissioners of Tulsa County, 468 P.2d 501 (1970). Since there is no specific authority to withhold funds collected until such revaluation fee is paid, the city treasurer and/or county excise board is prohibited from withholding said funds. With respect to your third question, Section 68 O.S. 2481.4 [68-2481.4] provides that, "the board and each recipient shall appropriate the said amount to the county assessor", and therefore, if no amount is designated by the county assessor in a particular fiscal year, the recipient will not have the amount necessary to fund the revaluation claim. Therefore, the county assessor will have to wait until the next fiscal period in which to submit an amount which will then be appropriated by the recipient as required by law. Section 68 O.S. 2481.1 [68-2481.1] sets forth the schedule for a comprehensive program of revaluation. Section 68 O.S. 2481.1 [68-2481.1] states: "Each county assessor shall commence immediately if possible, but no later than January 1, 1969, a comprehensive program of revaluation of all taxable property within his respective county. Such program shall progress at a rate which will result in the revaluation of all taxable property within the county before January 1, 1972. Each assessor shall thereafter maintain an active and systematic program of revaluation on a continuous basis, and shall establish a revaluation schedule which will result in revaluation of all taxable property within the county at last once each five (5) years. A copy of such revaluation schedule showing the time and procedures to be followed in completing the first revaluation of property in his county by January 1, 1972, shall be filed by each assessor with the Oklahoma Tax Commission before October 15, 1968." (Emphasis added) It is clear that the revaluation program is a continuing process that must be accomplished at least once every five years. Therefore, the county assessor may, as provided in Section 2481.4, fund the cost of said revaluation program during the five year period. It is the determination of the county assessor, as provided in Section 2481.4 which states, "the county assessor shall prepare a special budget for such comprehensive program of revaluation and file the same with the board of equalization and excise board", to determine in what manner those charges are to be paid. In answer to your fifth question, Section 2481.1 requires that a revaluation take place at least once every five years as a part of a continuing process. Therefore, the revaluation process and reassessment may take place more than once during the five year period, however, no specific limit has been set by statute. It is, therefore, the opinion of the Attorney General that question one be answered as follows: While there is no specific limit on the amount that may be charged by the assessor for revaluation services said amounts charged are limited to the payment of revaluation costs as provided in Title 68 O.S. 2481.4 [68-2481.4] (1971). Question number two should be answered in the negative in that there is no authority for the county treasurer and/or the county excise board to withhold the funds collected which are designated to a particular governmental entity until the fee for revaluation is paid. Question number three should be answered in the negative in that Title 68 O.S. 2481.4 [68-2481.4] (1971) does not allow the county treasurer and/or excise board who fails to submit the amount as provided in Section 68 O.S. 2481.4 [68-2481.4] to claim any funds of the entity for the year involved when such funds are not available for appropriation. Question number four should be answered as follows: The county assessor may charge an amount necessary to cover the cost of the revaluation program as provided in the special budget for such program as provided in Section 68 O.S. 2481.4 [68-2481.4]. Question five should be answered as follows: The reassessment may take place at least once during the five year period but there is no statutory limit prescribing the number of times. (Donald B. Nevard)