Leroy GAMMILL, Frank Breeden and Lee L. Hall as Members of the Board of Education of Dependent School District No. 125, Lincoln County, Oklahoma, Plaintiff in Error,

v.

Harry C. SHACKELFORD, J. Don Garrison, Charles C. Mason, Glen Yahn, Otto Thompson, and Ruth Musselman, as Members of the State Board of Education of the State of Oklahoma, Defendant in Error.

No. 43628.

Supreme Court of Oklahoma.

March 10, 1970.

William A. Vassar, Chandler, and L. D. Hoyt, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary F. Glasgow, Asst. Atty. Gen., for defendant in error.

HODGES, Justice.

Plaintiff in error, Board of Education of Dependent School District No. 125, Lincoln County, Oklahoma, hereinafter referred to as plaintiff, filed a petition for writ of mandamus in the district court of Oklahoma County seeking an order of the court restoring accreditation to Tryon High School. The writ was denied and plaintiff appeals.

Defendant in error, State Board of Education, hereinafter referred to as defendant, tentatively passed regulation No. 5 which declared that beginning with the school year 1968–1969, no high school will be accredited whose daily average attendance for the previous year was under 55 students. The tentative regulation was approved in final form by the defendant on July 7, 1967.

After a study was made of the average daily attendance of the plaintiff school district it was determined that Tryon High School, within the plaintiff school district, did not meet the minimum standard. A letter report from the Division of Instruction of the defendant was sent notifying plaintiff that the Tryon High School would not be accredited for the school year 1968–1969, due to the low attendance in not meeting the average daily attendance minimum number of 55 students. This letter was signed by the Assistant Director of Instruction. Subsequent letters were sent notifying plaintiff that accreditation for the coming school year of 1968–1969 had been withdrawn or would be withdrawn. A conference was then requested which was granted in April, 1968, with plaintiff seeking to be excepted from the application of Rule No. 5. This exception was denied by defendant. Again in July 1968, plaintiff appeared before the defendant, requesting an exception to Rule No. 5 and after a hearing, was again denied an exception.

Plaintiff asserts that the action of the defendant in revoking accreditation is invalid because the procedures set out in the Administrative Procedures Act, Title 75,

O.S. Section 309, were not followed and that the defendant did not make findings of fact and conclusions of law as required by Section 312 of the Act.

■ This contention is based upon the premise that the State Board of Education has revoked the accreditation of plaintiff's high school. We find though, as the trial court found, that accreditation of the Tryon High School for the school year 1968–1969, was never revoked by the State Board of Education. Tryon High School was not even in existence during the school year 1968–1969. By an election held in August, 1968, the voters had dispensed with their high school for the school year 1968–1969. Accreditation of a school does not take place in advance of the school year. The record shows that accreditation by the State Board of Education takes place during the latter part of the current school year; usually during the month of May. Since accreditation of the school has not been revoked the question of its invalidity does not arise, and we need not decide whether the plaintiff violated the Administrative Procedures Act.

■ Plaintiff's complaint against the employees of the State Board of Education who notified them that their high school would not be accredited next year or that accreditation had been withdrawn for next year is of no legal consequence. Public officers have only such authority as is conferred upon them by law, and a person dealing with public officials is charged with notice of limitations upon their power. Shaw v. Grumbine, 137 Okl. 95, 278 P. 311; Dillard v. Sappington, 151 Okl. 47, 1 P.2d 748; State ex rel. State Com'rs of Land Office v. Weems, 197 Okl. 106, 168 P.2d 629. Especially is this true in view of the testimony of the president of the local school board who said he knew accreditation usually occurred in the latter part of May for the current school year, and that this accreditation was considered and passed upon by The State Board of Education. It is apparent that the only purpose of these letters or notices was to apprise the plaintiff of their problems of accreditation for the next year under the recently enacted rules so they could make provisions for their students to attend an accredited school.

The next issue concerns the validity of a school election in plaintiff's district. In August, 1968, a special election was held and the voters in the plaintiff's school district voted to dispense with the Tryon High School for the school year 1968–69. Plaintiff now complains the election is not valid for non-compliance with Title 70 O. S. 8–6 and 4–16. They contend the election was not called upon a petition signed by 60% of the eligible electors of the district or called by the local school board, and that ten days notice of the election was not given, all as required by statute.

■■ The record does not specifically show how the election was called. The evidence according to the notices and reports indicate the election was called by the local school board. It appears the defendant merely assisted in the preparations of the forms and advised the local board of procedures to follow. But in any event, the one attacking the validity of an election must assume the burden of supporting their allegations with evidence and authority. In absence of proof to the contrary, we must assume the election was called by the local school board as provided by statute.

■ Upon plaintiff's second point, we do find, as plaintiff alleges, that 10 days notice of the election was not given as required by Section 4–16. It appears from the record that the notices were posted on Friday preceding the election held on Tuesday. The record, however, does not reveal that any eligible elector failed to receive notice or failed to participate by reason of the defective notice. Where a special election is assailed on the ground of lack of notice, but there is no averment or showing that the electors did not have actual notice or knowledge of the election, and failed to participate therein by reason thereof, the same will not be held void on

this account. McCarty v. Cain, 27 Okl. 82, 110 P. 653; State ex rel. Freeling v. Sullivan, 80 Okl. 81, 194 P. 446; Smith et al. v. State ex rel. Barry Co. Atty., 84 Okl. 283, 203 P. 1046; Wallace v. Excise Board of Bryan County, 91 Okl. 101, 216 P. 654.

The judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.