Argued October 24, 1979, affirmed March 3,
reconsideration denied April 9,
petition for review denied May 13, 1980 (289 Or 107)

# BRYSON,
*Petitioner,*

*v.*

# PUBLIC EMPLOYES
# RETIREMENT BOARD,
*Respondent.*

## (CA 14780)

607 P2d 768

James W. Walton, Corvallis, argued the cause for petitioner. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

John A. Reuling, Jr., Sr. Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner seeks judicial review[1] of an order of the Public Employes Retirement Board (PERB) adopting the findings of the hearings referee and ordering that petitioner was entitled to monthly retirement benefits based upon one-twelfth of 45% of his "final average salary" as computed pursuant to ORS 1.340, as amended in 1969. (Oregon Laws 1969, ch 332, § 7.)

Petitioner was appointed to the Circuit Court of Oregon for Multnomah County on October 17, 1961, and retired as a Supreme Court judge on April 1, 1979. Prior to the time of petitioner's appointment the 1961 Legislative Assembly, effective as of July 1, 1961, had increased salaries for circuit judges from $13,000 to $16,500, and for Supreme Court judges from $16,000 to $19,000; both the judges' and the state's contributions to the retirement fund were increased, but the provisions of ORS 1.340[2] as they existed prior to the 1961 legislative session were left unchanged, providing retirement benefits in an amount equal to one-half of the monthly judicial salary the judge was receiving at the time of his retirement. However, contemporaneously with the salary increase a maximum dollar amount of retirement benefits was fixed by Oregon Laws 1961, chapter 702, section 5, codified as ORS 1.345, which provided:

> "Notwithstanding the provisions of ORS 1.340, for purposes of computing the retirement pay and the widow's pension as provided in ORS 1.340, the maximum monthly salary of a judge of the Supreme Court shall be considered to be $1,333.33, and the maximum monthly salary of a judge of the Circuit Court shall be considered to be $1,083.33."

---

[1] Our review is pursuant to the Administrative Procedures Act, ORS 183.310 to 183.500.

[2] ORS 1.340 in 1961 provided, so far as relevant:

"(1) Every judge or former judge of the Supreme or circuit court who is qualified * * * for retirement pay shall be entitled to receive monthly * * * an amount equal to one-half of the monthly salary he was receiving as a judge at the time of his retirement * * *."

The maximum amounts so fixed for retirement purposes were less than the monthly salaries of judges of both courts as increased by the 1961 Legislature.

As PERB states in its brief, it is without question that petitioner has a statutory and contractual right to receive retirement benefits computed at the most favorable rate applicable under laws in effect at any time during his judicial service. *See Taylor v. Mult. Dep. Sher. Ret. Bd.*, 265 Or 445, 510 P2d 339 (1973). The question is: what was the most advantageous benefit in existence during petitioner's service? At the time petitioner became a judge in 1961, the maximum monthly retirement benefits for a judge of the Supreme Court was $666.67 (50% of $1,333.33.) If the legislature had done nothing subsequent to 1961 to change judges' retirement benefits, petitioner would now be entitled to that amount.

However, petitioner contends that the statutory maximum established in 1961 was intended only as an interim measure "freezing" retirement benefits until the existing fiscal problems of the fund could be resolved, and that the legislature remained committed to the formula based on 50% of a judge's final salary. This commitment, he urges, is evidenced by the fact that during the 1963 legislative session ORS 1.340 was amended to read, so far as relevant, as follows:

> "(1) Every judge or former judge of the Supreme or circuit court who is qualified under ORS 1.310 to 1.330 for retirement pay shall be entitled to receive monthly during the period of his natural life out of the Judge's Retirement Fund, an amount equal to 1/12 of the amount set forth in the following schedule:

| | |
|---|---|
| "Supreme Court Judge | $ 9,500 |
| "Circuit Court Judge | $ 8,250 |

[30]

"* * * * *." (Oregon Laws 1963, ch. 464, § 6.)[3]

Petitioner contends that because the dollar amounts set forth in the schedule in subsection (1) of ORS 1.340 as amended are exactly 50% of the judicial salaries in effect since July 1, 1961, the 1963 legislature reaffirmed its commitment to the principle of 50% of final salary as a pension benefit, and because those retirement amounts were made retroactive to July 1, 1961, the legislature effectively reverted to a computation of retirement benefits at one-half of final salary as of a date prior to his appointment.

Although the arithmetic involved lends itself to petitioner's argument, we think it is clear that the 1963 legislature fixed a statutory maximum retirement benefit rather than one based upon the pre-1961 formula of 50% of a judge's salary. This construction is compelled by subsection (2) of ORS 1.340, as amended in 1963, which provided:

"(2) No increase shall be made in the amounts set forth in the schedule under subsection (1) of this section without an actuarial report of the cost and effect of any proposed change."

In other words, the amount of benefits was a fixed amount with no increase by reason of an increase in judicial salaries.

The retroactivity of the provision applied to judges who retired on or after July 1, 1961, and had the effect of providing retirement benefits in a dollar amount equal to one-half of the judge's salary as of that date. Because any judge eligible to retire on or after July 1,

---

[3] The legislative history relating to the 1963 legislation supports the contention that the 1961 ceiling on retirement benefits for judges was a "stopgap" measure. (See "Notes for carrying S. B. 269 (Judge's Retirement)") prepared by Legislative Fiscal Office for Rep. Morgan. So characterizing it, however, does not change the fact that it put a dollar maximum on benefits. The same "notes" stated:

"Prior to 1961, benefits automatically increased when salary increased. *This was stopped in 1961.* The proposed permanent legislation in SB 269 does not restore the automatic feature, *but continues the policy so established in the 1961 Act.*" (Emphasis added.)

[31]

1961, would have had to serve during the pre-1961 period when retirement benefits were computed on the basis of 50%of annual salary, such judge would have had a contractual right to those benefits without regard to that provision. The 1963 legislature was aware that judges eligible to retire subsequent to the 1961 amendments had been compelled to make increased contributions to the retirement fund and did not receive any increase in benefits. By making the increased maximum retroactive, the legislature did not remove the ceiling on benefits; rather, it raised the maximum.

If petitioner's argument that the 1963 legislature re-adopted the 50% of final salary formula for those who became judges between July 1, 1961, and the effective date of the 1963 amendments because it made the amount of retirement benefits (which equalled 50% of a judge's salary) retroactive to July 1, 1961, it would follow that persons who became judges subsequent to the 1963 amendments would be entitled to the same treatment. Yet petitioner concedes that the latter group would be limited to the statutory maximum, even though the fixed dollar amount equalled one-half of a judge's salary at that time. We find no basis for concluding that the 1963 legislature intended to eliminate a ceiling on benefits for judges hired between July 1, 1961, and the effective date of the 1963 legislation.

Petitioner also contends that the state is estopped from computing his retirement benefits under the 1969 amendments by which the legislature provided that a judge's retirement benefits are based on 45% of the judge's final average salary computed as the average of the five highest of the last ten calendar years of a judge's salary. [4]

This contention starts with the premise that the 1961 statute (ORS 1.340) granted him one-half of his final monthly salary at the time of his employment. As

[4] ORS 1.340.

noted above, it did not do that because of the statutory maximum enacted prior to his appointment. The argument goes on to the effect that even if, from a strictly legal standpoint, that was not the case, he reasonably relied on that premise, and when, in 1963, the maximum was "effectively eliminated" he continued his employment reasonably believing that the 50% formula had been reinstated. Again, however, there was a statutory maximum, albeit higher and the monetary equivalent of 50% of the then existing salary. Further, the 50% formula, as such, was eliminated. We find no basis for an estoppel.

Petitioner also contends that he reasonably relied upon statements of individual legislators during deliberations of the legislative assembly that the state was committed to the formula based upon 50% of the final salary as a retirement benefit, and that he continued his employment as a judge subsequent to the 1963 amendments with the reasonable understanding that the retirement benefits were back to 50% of his final monthly salary. We know of no authority which permits an individual legislator, or several legislators, to bind the state, and petitioner has cited no authorities in support of that proposition. What counts is what the Legislative Assembly as a body enacts into law.

An alternative contention made by petitioner is that he should be entitled to a retirement benefit greater than the benefit provided by the 1969 formula. The basis for this contention is that the 1961 legislation set a Supreme Court judge's salary at $19,000 but fixed his pay for retirement purposes at $16,000, the effect of which was to give a retiring judge approximately 42.5% of his salary as a retirement benefit. If petitioner were entitled to 42.5% of his final salary, as he contends, his benefits would be greater than if they were computed under the 1969 legislation. The 1961 legislature, however, fixed a statutory dollar amount; it was not until 1969 that the legislature returned to a formula based upon a percentage of salary. For this

[33]

court to interpolate a percentage of salary formula into the 1961 amendments would be to rewrite the statute.

At no time during petitioner's tenure as a judge has there been a legislative formula providing for retirement benefits for judges based upon one-half of their salaries. He became a judge in 1961, at which time the law provided for retirement benefits for Supreme Court judges in the amount of $666.67 per month; the 1963 legislation increased those retirement benefits to $791.65 per month. The Board computed petitioner's retirement benefits under the most favorable rate and determined it to be $1,376.58 per month. Finding no error of substance in the Board's determination, we affirm its order.

Affirmed.