1998 OK CIV APP 42

**L. Nan LOCKHART, Plaintiff/Appellant,**

v.

**TEACHERS' RETIREMENT SYSTEM OF OKLAHOMA, Defendant/Appellee.**

**No. 89122.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 13, 1998.

L. Nan Lockhart, Mustang, Oklahoma, Appellant, Pro Se,

Barry K. Koonce, Lisa T. Davis, Oklahoma City, Oklahoma, For Appellee.

*OPINION*

GARRETT, Judge:

¶1 Appellant, L. Nan Lockhart, appeals the order of the district court which affirmed the order of the Board of Trustees of the Appellee, Oklahoma Teachers' Retirement System (OTRS). OTRS found the doctrine of equitable estoppel does not prevent it from

presented by this case, we leave it to the Legislature to amend the Act appropriately.

decreasing the number of years of teaching experience for which Appellant can receive credit for her retirement.

¶2 Lockhart contends she attended a meeting at Mustang Middle School in 1982, at which Bill Ware, the Executive Secretary of OTRS, was the speaker. She contends he said that credit for a year of teaching could be obtained for 120 days of substitute teaching, and he told them they could combine two years to meet the 120 day requirement. She also contends she stayed after the meeting to talk to him to be certain she understood it correctly. Subsequently, she discussed this with the payroll clerk for Mustang Schools. The payroll clerk wrote a letter to OTRS that Lockhart was paid $2,480.00 for teaching 124 days in the 1974–75 school year, and Lockhart paid $173.60, required to be paid into the retirement system for that year.[1] This additional year of teaching experience appeared on her annual retirement account statement every year thereafter until she applied for disability retirement in 1987.

¶3 OTRS conducted a pre-retirement audit when she applied for disability retirement. OTRS informed her she could not receive credit for substitute teaching and denied her credit for the 1974–75 school year. She requested and received an administrative hearing before the Board of Trustees of OTRS. Its order was issued January 27, 1988. The order was affirmed. The Board found that Lockhart said she relied on Ware's verbal representations when she purchased the additional year of teaching credit, but Ware's letter to her dated March 16, 1987, included his statement that he did not recall the conversation. The order contained findings: (A) that the letter from Mustang Schools dated November 29, 1982, regarding her teaching experience for 1973–74 and 1974–75 school years erroneously reflected she had taught 124 regular teaching days, rather than substitute teaching; and, (B) this erroneous information was relied upon by OTRS in calculating her benefits initially.

¶4 Lockhart appealed to the district court. The court remanded the case to the Board to consider whether the doctrine of "equitable estoppel" applied to OTRS in this case. On remand, the Board found that equitable estoppel does not apply. Lockhart again appealed to the district court. The court affirmed, and this appeal followed.

¶5 In *Indiana Nat. Bank v. State Dept. of Human Services*, 1993 OK 101, ¶¶23–24, 857 P.2d 53, 64, the Supreme Court said:

> The general rule is the application of estoppel is not allowed against the state, political subdivisions or agencies, unless it would further a principle of public policy or interest. *Burdick v. Independent School Dist.*, 702 P.2d 48, 53 (Okla. 1985)....

> The elements necessary to establish an equitable estoppel are (1) a false representation or concealment of facts, (2) made with actual or constructive knowledge of the fact, (3) to a person without knowledge of, or the means of knowing, those facts, (4) with the intent it be acted upon, and (5) the person to whom it was made acted in reliance upon it to its detriment. *Burdick*, 702 P.2d at 55. The essential element of estoppel is not intent, but rather, action on the part of another in justifiable reliance upon the conduct of the party allegedly estopped. *Bay Petroleum Corp. v. May*, 264 P.2d 734, 736 (Okla.1953).

¶6 The "representations" made by OTRS in the annual retirement statements which included the credit for the 1974–75 year were based on the letter from Mustang Schools which did not specify the 124 days represented substitute teaching.[2] Moreover, Lockhart is not an individual "without knowledge of, or the means of knowing" the real facts. The Findings of Fact from the first OTRS order in 1988 include the following;

---

1. OTRS refunded this amount, plus interest, to Lockhart when it was determined she was not eligible for this year of credit.

2. The 1988 Order also contains the following finding of fact:

> 12. The point in time when the OTRS conducts its official audit of a member's account is when the system is notified that a member intends to retire, and eligibility is then verified and benefits calculated.

13. Substitute teaching has been ineligible to be credited to years of service since the 1950's, and was clearly delineated in the members' handbook during the 1974–75 school year, as well as in 1982 and 1987.

¶ 7 It was within Lockhart's ability to apprise herself of the prevailing rules and regulations regarding retirement eligibility based on substitute teaching. The record on appeal discloses that the law has specifically prohibited retirement credit for substitute teaching since the 1950's. The inclusion of the additional year on Lockhart's annual statements originated because of the letter from Mustang Schools. As a matter of law, this credit was not allowable, regardless of any possible misunderstanding between Lockhart and Ware,[3] and this rule of law was available at all times. The rule of law did not change and was not ambiguous or inconsistently applied. This case is clearly distinguishable from *State ex rel., Board of Trustees of the Teachers' Retirement System v. Garrett,* 1993 OK CIV APP 29, 848 P.2d 1182. Moreover, *Garrett,* is further distinguishable because it was found that OTRS initially credited Ms. Garrett for the years in question with full knowledge that she served as a substitute teacher in excess of 120 days in each of the years in question. This led to a finding that OTRS had acted in an arbitrary and capricious manner.

¶ 8 Finally, Lockhart's retirement on July 1, 1987 was based on disability. To obtain disability retirement, it had to be determined she was "mentally or physically incapacitated for further performance of duty" which was likely to be permanent. 70 O.S.1991 § 17–105(5). Thus, it is unlikely Lockhart relied, to her detriment, on the retirement credit for the additional year in deciding to retire. She has also failed to assert a compelling public policy or interest as a basis for imposing equitable estoppel on OTRS which outweighs its duty to administer the OTRS to all members fairly, based upon the existing rules and regulations.

¶ 9 This court must review the record made before an administrative agency acting in its adjudicatory capacity to determine whether the findings of fact and conclusions of law in its order are supported by law and by substantial evidence. See *City of Hugo v. State ex rel. Public Employees Relations Board,* 1994 OK 134, 886 P.2d 485; *Dugger v. State of Oklahoma, ex rel. Oklahoma Tax Commission,* 1992 OK 105, 834 P.2d 964. If the agency's order is "found to be valid and the proceedings are free from prejudicial error to the appellant" this Court must affirm the order. See 75 O.S.1991 § 322(3). The district court's order, which affirms the Board's finding the doctrine of equitable estoppel does not apply is supported by the law. The Board's order was supported by substantial evidence.

¶ 10 AFFIRMED.

JOPLIN, P.J., concurs.

CARL B. JONES, V.C.J., concurs in result.

---

**3.** The March 16, 1987 letter from Ware to Lockhart contains the following:

I am sorry but I cannot recall speaking with you about your teaching in 1973–74 and 1974–75 at the 1982 teachers meeting in Mustang which you refer to. It is possible I understood this to be teaching which you did under a regular contract because it (sic) just not possible to count substitute teaching.