■ In the Matter of MARY A. BRACERO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [719 NYS2d 338] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a secretary for the Port Authority of the State of New York and New Jersey, developed bilateral carpal tunnel syndrome and subsequently underwent surgery therefor. Claiming that the surgery was unsuccessful, petitioner there-

after filed applications for ordinary disability retirement benefits pursuant to Retirement and Social Security Law articles 14 and 15. Although petitioner's application for article 14 benefits was granted, her application for article 15 benefits was denied following a hearing. Petitioner commenced this CPLR article 78 proceeding to challenge the latter determination.

There is no merit to petitioner's claim that by granting her application for Retirement and Social Security Law article 14 benefits, respondent Comptroller was collaterally estopped from denying her article 15 application. Petitioner was entitled to article 14 benefits when it was determined that she was "eligible for primary social security disability benefits" (Retirement and Social Security Law § 506 [a]), while her entitlement to article 15 benefits was dependent upon the Comptoller's finding that petitioner was "physically or mentally incapacitated for the performance of gainful employment" (Retirement and Social Security Law § 605 [c]). Petitioner has failed to demonstrate that, in the context of her article 14 application, respondent State and Local Employees Retirement System had a full and fair opportunity to litigate the identical issue that was raised by her article 15 application. Therefore, the doctrine of collateral estoppel is inapplicable (*see generally*, *Matter of Tischmann [ITT Sheraton Corp.—Commissioner of Labor]*, 256 AD2d 949, 951).

Although petitioner claims that a Port Authority physician examined her, found her disabled and precluded her from returning to work, petitioner offered neither the physician's testimony nor the letter she claims he wrote. The testimony of the orthopedic and neurological experts for the Retirement System who, upon examining petitioner, found no objective evidence that would lead them to conclude that she was disabled from performing her duties, provided substantial evidence to support the Comptroller's determination, despite the conflicting testimony from petitioner's treating physician (*see*, *Matter of Pietricone v McCall*, 243 AD2d 929, *lv denied* 91 NY2d 804). The determination must, therefore, be confirmed.

Cardona, P. J., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.