State of OKLAHOMA, ex rel BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, Plaintiff,

v.

Marek T. GREER and Eldon Greer, Defendants,

Marek T. Greer, Eldon Greer and Judith Greer, Third Party Plaintiffs,

v.

Stephen L. Bruce and Stephen L. Bruce and Associates, Third Party Defendants.

No. CIV–01–1402–R.

United States District Court, W.D. Oklahoma.

Feb. 14, 2002.

Stephen L. Bruce, Richard S. Winblad, Mark W. Hayes, Stephen L. Bruce & Associates, Oklahoma City, for plaintiffs.

Michael J. Rose, Michael Rose & Associates PC, Oklahoma City, for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is the Plaintiff's Motion for Summary Judgment.

The Plaintiff, State of Oklahoma ex rel. Board of Regents of the University of Oklahoma, moves the Court for summary judgment on its claims against the Defendants. The University of Oklahoma is the administrator of a promissory note made by Defendant Marek T. Greer and cosigned by Defendant Eldon Greer, in favor of the Lew Wentz Foundation. The University contends that the Defendants have defaulted on the Lew Wentz Foundation note, and it is undisputed that the current principal and interest due was $2,440.00 as of March 1, 2001.

The University of Oklahoma also participates in the Federal Perkins Loan Program, which extends educational loans drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965. The University of Oklahoma made a Perkins loan to Defendant Marek T.

Greer. The University contends that Defendant Marek Greer has defaulted on the Federal Perkins loan, and it is undisputed that the unpaid principal and interest on the Perkins loan was $1,161.12 as of March 1, 2001.

In March 2001, the University contracted with the law firm of Stephen L. Bruce and Associates to collect the outstanding balance on the loans for a contingent fee of 33.33%. On March 28, 2001, after the loans were referred to the Bruce law firm, Defendant Marek T. Greer tendered a check to the University in the amount of $1,165.29, bearing the notations "Perkins" and "payment in full." On April 4, 2001, Defendant Eldon G. Greer, Jr. tendered a check to the University in the amount of $2,440.00, bearing the notation "Marek Green Lew Wentz Foundation A–30353." This check was, apparently, accompanied by a letter indicating that the check was "payment in full" for the Lew Wentz Foundation loan. The University declined to accept either check as full payment of the respective loans because the checks did not include payment for collection costs, and instructed the Bruce law firm to return the checks. The University now contends that the Defendants are liable for the unpaid principal balance of the loans, plus accrued interest and attorney's fees.

As an initial matter, the Court must address the Plaintiff's argument that the Court should deem the matters set forth in its requests for admissions as admitted by the Defendants on the ground that the Defendants have failed to respond. The Defendants respond that the discovery requests were served upon the Defendants themselves prior to their counsel's entry into the case. The Defendants request that the Court "allow the Plaintiff to reserve its discovery" on the Defendants' counsel. The Defendants have not, however, shown that the initial service of the request for admissions was invalid.[1] Since the Plaintiff's request for admissions is attached as an exhibit to the Plaintiff's brief in support of its summary judgment motion, it is fair to assume that Defendant's counsel now has a copy. Nevertheless, the Court need not consider the Defendants' suggestion that they should be permitted to withdraw their admissions for purposes of this motion, because the Defendants have offered no evidence tending to refute the requested admissions at issue in this case, or to otherwise show that a withdrawal of their admissions would lead to a different result. Rule 36(b), Fed. R. Civ. Pro.[2]

The Defendants admit the execution of the notes as alleged by the Plaintiff, and further admit the amount of the unpaid principal balances. The Defendants dispute the amount sought to be recovered by the Plaintiff as collection fees. Both the Lew Wentz Foundation promissory note

1. Assuming that the Defendants' assertion is correct, it would not render service of the Plaintiff's discovery requests invalid. The Defendants have cited no authority precluding the Plaintiff from serving its discovery requests upon the Defendants, as pro se litigants, prior to their counsel's entry of appearance. See Rules 5 and 36, Fed. R. Civ. Pro.

2. Rule 36(b), Fed. R. Civ. Pro. provides:

"(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding."

and the Federal Perkins Loan Program promissory note contain provisions obligating the makers to pay attorney's fees in the event of default.[3] In addition, the Plaintiff University cites 34 C.F.R. § 674.45(e), which permits collection costs on student loans provided they are reasonable, and provided that the costs sought represent either the actual cost incurred or the average cost incurred for similar actions taken to collect loans in similar stages of delinquency.

The parties apparently agree that contingent fees ranging from one third to forty percent are customary in similar circumstances. The Defendants argue, however, that the University and the Bruce law firm are attempting to inflate the amount of collection costs by seeking to recover one third of the total amount to be collected, i.e., unpaid principal and accrued interest, rather than one third of the unpaid principal only. The Defendants offer no authority which would limit a creditor in the Plaintiff's position to recovery of collection costs on the unpaid principal. Moreover, in this case, the Lew Wentz loan expressly provides for recovery of attorney's fees and "all other expenses incurred in collecting this note *and interest or any part thereof*" (Emphasis added). The Federal Perkins note provides for recovery of "all reasonable collection costs, including attorney fees and other charges, necessary for the collection of *any amount*

*not paid when due,*" implicitly including accrued interest. (Emphasis added).

■ Having considered all of the evidence of record, the Court finds that collection costs sought by the Plaintiff, i.e., $580.56 for the Lew Wentz Foundation loan and $1,220.50 for the Federal Perkins loan, are reasonable in light of the efforts expended by the Plaintiff and its counsel. The Defendants have neither disputed nor offered evidence to refute the Plaintiff's assertion that the foregoing amounts represent the actual cost to the Plaintiff under its agreement with the Bruce law firm. The Court rejects the Defendants' argument that the Plaintiff has overstated the amount of its collection expenses.

■ The Defendants next argue that the Plaintiff is barred from collecting the unpaid principal balances of the loans under the doctrine of estoppel, citing *Harjo v. Johnston,* 187 Okla. 561, 104 P.2d 985 (1940). *Harjo,* which held that a judgment against a minor entered by confession by the guardian does not create an estoppel against the minor, does not support the Defendants' position. The Defendants do not specify which form of estoppel they contend is applicable here. However, the Defendants have not shown that they adversely relied upon any representations or promises made by the Plaintiff, or that the Plaintiff accepted the benefits of the checks sent by the Defendants. Indeed, it

---

**3.** The Lew Wentz Foundation promissory note contains the following provision

"The maker and co-signer of this note hereby waive demand and presentment for payment, notice of non-payment, protest, notice of protest and diligence in bringing suit against any party thereto, ... and consent and agree to pay a reasonable attorney's fee, if services of an attorney are utilized with or without suit, which charge in no event shall be less than twenty-five ($25.00) dollars, together with costs, and all other

expenses incurred in collecting this note and interest or any part thereof."
The Federal Perkins Loan promissory note contains the following provision
"I, Marek Greer, promise to pay to the University of Oklahoma ..., the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due."
Plaintiff's Exhibits "A" and "B."

is undisputed that the Plaintiff's counsel returned the checks to the Defendants, and did not accept any "benefits" from the checks. Moreover, the defense of estoppel is not, ordinarily, available to claims brought by an agency of the state. *State ex rel. Oklahoma Student Loan Authority v. Akers*, 1995 Ok. Civ. App. 75, 900 P.2d 468, cert. denied (1995)(Defense of estoppel were unavailable to co-maker on student loans in collection suit by Oklahoma Student Loan Authority because Authority was a state agency enforcing public rights in recovery of state-funded educational loans); *Tice v. Pennington*, 2001 Ok. Civ. App. 95, 30 P.3d 1164 (2001) (Estoppel is generally not available against agencies of the state, except in those cases where its interposition would further some principle of public policy or public interest). *See also Kowalczyk v. Immigration and Naturalization Service*, 245 F.3d 1143 (10th Cir.2001) (Equitable estoppel does not lie against the government in the same manner it does against private litigants). The Defendants have not shown that any form of estoppel is appropriate in this case.

### Conclusion

The Plaintiff's Motion for Summary Judgment is hereby GRANTED.