2005 OK 45

In the Matter of Kenneth R. STRONG, Plaintiff/Appellant,

v.

STATE of Oklahoma, ex rel. THE OKLAHOMA POLICE PENSION AND RETIREMENT BOARD, Defendant/Appellee.

No. 99408.

Supreme Court of Oklahoma.

June 21, 2005.

Stephen J. Merrill, Wilson H. Busby, Tulsa, OK, for Plaintiff/Appellant.

Steven K. Snyder, Assistant Attorney General, Wellon B. Poe, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellee.

KAUGER, J.

¶1 We granted certiorari to determine whether, under the facts presented, the defendant/respondent, Oklahoma Police Pension and Retirement Board (Board), is estopped from relying on 11 O.S. Supp.2004 § 50–111.1.[1] The clear, explicit and unmistakable language of the statute limits the Board's disbursal of retirement funds from its retirement program (OPPRS/Retirement Program) to a retiree leaving the system and electing a vested benefit before the later of reaching fifty years old or the date on which the retiree would have had twenty years of uninterrupted service had the employment continued.

¶2 Here, the respondent/appellant, Kenneth R. Strong (Strong/retiree), admits sign-

---

1. Title 11 O.S. Supp.2004 § 50–111.1(A) provides in pertinent part:

 "... If the member who has completed ten (10) or more years of credited service elects the vested benefit, the member shall be entitled to a monthly retirement annuity commencing on the date the member reaches fifty (50) years of age or the date the member would have had twenty (20) years of credited service had the member's employment continued uninterrupted, whichever is later...."

Section 50–111 was first added to the statutory scheme in 1977, two years before Strong was hired. The provision contained no option for a police officer, leaving the service prior to twenty years of service, to opt for a vested benefit. The option to do so first became available under the 1981 version of the statute. Strong's argument that his retirement benefits should be governed by the 1981 statute allowing retirees to collect benefits commencing on the "normal retirement date" or the date the member would have had twenty years of credited service, whichever was later, is unconvincing. Strong retired under a 1993 version of the statute. The quoted language of the 1993 statute and the 2004 statute are identical. Therefore, references are to the current version. Furthermore, Strong admits that he was aware of the "whichever is later"

condition when he left the police force in 1996. Admissions in the brief may be regarded as a supplement to the appellate record. *King v. King,* 2005 OK 4, ¶16, 107 P.3d 570, *Keating v. Edmondson,* 2001 OK 110, ¶9, 37 P.3d 882; *World Publishing Co. v. White,* 2001 OK 48, ¶19, 32 P.3d 835; *Oklahoma Urban Renewal Auth. v. Medical Technology & Research Auth. of Oklahoma,* 2000 OK 23, ¶14, 4 P.3d 677, rehearing denied, (2000). On appeal, Strong argued that, even if the Board was barred from paying retirement benefits, its payment of compensatory benefits was not prohibited. Strong did not seek certiorari review of this issue. Nevertheless, the issue may be addressed here. Rule 1.180(b), 12 O.S.2001, Ch. 15, App. 1; *Hough v. Leonard,* 1993 OK 112, ¶15, 867 P.2d 438. The argument is nothing more than an attempt to recover relief governed by statute and is unconvincing. This Court has long recognized that where the rights of parties are clearly defined and established by law, equity has no power to change or unsettle such rights. *Independent School Dist. No. 89 v. Oklahoma City Federation of Teachers,* 1980 OK 89, ¶23, 612 P.2d 719; *Mid–Continent Casualty Co. v. First Nat'l Bank & Trust Co.,* 1975 OK 18, ¶34, 531 P.2d 1370; *York v. Trigg,* 1922 OK 257, ¶0, 209 P. 417. We accord the administrative agency's decision great weight [*City of Hugo v.*

ing a form containing the statutory language giving notice of the age and service requirements which preceded the right to retirement benefits and of being aware of the time restrictions. Under these facts, we determine that the Board is not estopped from denying benefits despite its originally having given the retiree incorrect information concerning the date he was entitled to draw retirement.

## FACTS

¶ 3 Strong became a member of the Retirement Program through his service as a member of the Midwest City Police Department beginning in December of 1979. In May of 1996, he received an outside job offer. Before accepting the offer, the retiree alleges that he spoke with two Board employees who advised him that, if he elected a vested option, he would be entitled to begin drawing retirement benefits in December, 1999. He also received a letter from the Board's Executive Director stating that benefits would begin at the end of 1999. Nevertheless, when Strong submitted his application for vested retirement benefits, the form he signed contained language specifically stating that he would not be entitled to receive benefit payments until either his fiftieth birthday or the date he would have had twenty years of credited service had his employment continued, whichever occurred later in time. Furthermore, Strong admitted that he was aware of the limiting "whichever is later" restriction.[2] Strong will turn fifty in 2008 while he would have had twenty years of service, had he stayed in the Retirement Program, in December of 1999.

¶ 4 In March of 1999, Strong contacted the Board to inquire how returning to police work would affect his retirement benefits. He alleges that it was after this contact that he was first informed that he would not be eligible for benefits until he turned fifty in 2008. The discussion was followed by a Board letter indicating that their communica-

tion of 1996 contained an error and advising Strong that the date he would begin receiving benefits would be July 23, 2008, rather than December of 1999.

¶ 5 At the end of the 1999 calendar year, Strong demanded the payment of retirement benefits. The Retirement Program refused asserting that payment would violate the "whichever is later" rule of 11 O.S. Supp.2004 § 50–111.1.[3] On January 17, 2001, the Board determined that Strong was prohibited statutorily from receiving retirement benefits before he reached the age of fifty. The trial judge, Honorable David M. Harbour, affirmed in an order filed on May 20, 2003. The Court of Civil Appeals reversed finding that the Board was equitably estopped from denying benefits. It remanded the cause on December 14, 2004, with orders for the Board to begin pension benefits immediately and to reimburse Strong for benefits accruing since December 1, 1999. On January 28, 2005, the last of the certiorari pleadings were filed. Certiorari was granted on April 25, 2005, to determine Strong's right to retirement benefits.

## I.

¶ 6 **THE CLEAR LANGUAGE OF 11 O.S. Supp.2004 § 50–111 ALLOWS THE PAYMENT OF RETIREMENT BENEFITS ON THE LATER OF ONE OF TWO OCCURRENCES—THE RETIREE REACHING THE AGE OF FIFTY OR THE DATE WHEN THE RETIREE WOULD HAVE HAD TWENTY YEARS OF UNINTERRUPTED SERVICE. DESPITE THE RETIREMENT BOARD'S INCORRECT ADVICE THAT BENEFITS WOULD BEGIN AT AN EARLIER TIME, A RETIREE, AWARE OF THE STATUTORY LANGUAGE, MAY NOT RELY ON ESTOPPEL AS AN AVENUE TO RECEIVE BENEFITS NOT AUTHORIZED BY LAW.**

 ¶ 7 Title 11 O.S. Supp.2004 § 50–111.1 provides in pertinent part:

---

*State ex rel. Public Employees Relations Bd.,* 1994 OK 134, ¶ 10, 886 P.2d 485] and may only overturn its decision if it is clearly erroneous in view of the reliable, material, probative and substantially competent evidence. Title *75 O.S.2001* § 322.

2. See discussion, note 1, supra.

3. Title 11 O.S. Supp.2004 § 50–111.1, see note 1, supra.

" . . . If the member who has completed ten (10) or more years of credited service elects the vested benefit, the member shall be entitled to a monthly retirement annuity commencing on the date the member reaches fifty (50) years of age or the date the member would have had twenty (20) years of credited service had the member's employment continued uninterrupted, **whichever is later . . . .**" [Emphasis added.]

The Board argues, and Strong does not dispute, that the explicit language of 11 O.S. Supp.2004 § 50–111.1 undeniably allows only the disbursal of retirement benefits to a retiree leaving the system and electing a vested benefit **when the later** of one of two things occurs: 1) the retiree reaches fifty years of age; **or** 2) the date on which the retiree would have had twenty years of uninterrupted service. Although an officer or an agency may have implied powers not granted by statute, implied authority is limited to that necessary for the due and efficient exercise of express powers.[4] Here, there is no need to imply any power to carry out the meaning of the statute.

■■■ ¶8 A cardinal precept of statutory construction is that where a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretative devices to fabricate a different meaning.[5] Here, the Legislature has plainly stated that the later of two dates—one related to service and one to age—will control the disbursal of benefits. The Retirement Board has no authority to pay retirement based on any other formula.[6] Nevertheless, Strong asserts that the Board's action, in giving him incorrect information concerning the date when benefits would become payable, estops it from relying on the clear statutory language. We disagree.

■■■ ¶9 Equitable estoppel is generally understood to prevent one party from taking a position which is inconsistent with an earlier action that places the other party at a disadvantage.[7] The doctrine of estoppel is not ordinarily applicable to state agencies operating under statutory authority.[8] Public officials performing acts which exceed their authority may not bind a public entity.[9] Rather, they lack authority to expand their powers [10] and are bound by mandatory law.[11] The rationale for recognizing a governmental shield from estoppel is to enable the state to protect public policies and interests from being jeopardized by judicial orders preventing full performance of legally-imposed duties.[12] Some stronger, more compelling policy or

---

**4.** *City of Hugo v. State ex rel. Public Employees Relations Bd.*, see note 1, at ¶15, supra; *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n*, 1988 OK 117, ¶12, 764 P.2d 172; *Marley v. Cannon*, 1980 OK 147, ¶10, 618 P.2d 401.

**5.** *Keating v. Edmondson*, see note 1 at ¶15, supra; *Neer v. State ex rel. Oklahoma Tax Comm'n*, 1999 OK 41, ¶16, 982 P.2d 1071; *In re Guardianship of Campbell*, 1966 OK 99, ¶13, 450 P.2d 203.

**6.** An agency created by statute may not expand its powers on its own authority. *Marley v. Cannon*, see note 4, supra; *Boydston v. State*, 1954 OK 327, ¶19, 277 P.2d 138; *Adams v. Professional Practices Comm'n*, 1974 OK 88, ¶11, 524 P.2d 932.

**7.** *Oxley v. General Atlantic Resources, Inc.*, 1997 OK 46, ¶20, 936 P.2d 943; *Apex Siding & Roofing Co. v. First Fed. Savings & Loan Ass'n of Shawnee*, 1956 OK 195, ¶6, 301 P.2d 352.

**8.** *State ex rel. Bd. of Regents of University of Oklahoma v. Greer*, 204 F.Supp.2d 1292 (W.D.Okla.2002); *Burdick v.Independent School*

*Dist.*, see note 13, infra; *Board of Educ. v. Rives*, 1974 OK 153, ¶8, 531 P.2d 335.

**9.** *State ex rel. State Ins. Fund v. JOA, Inc.*, see note 11 at ¶22, infra; *Ashland Oil, Inc. v. Corporation Comm'n*, 1979 OK 17, ¶22, 595 P.2d 423; *Lingo–Leeper Lumber Co. v. Carter*, 1932 OK 735, ¶0, 17 P.2d 365; *Airy v. Thompson*, 1931 OK 770, ¶10, 6 P.2d 445; *Carey, Lombard, Young & Co. v. Hamm*, 1916 OK 922, ¶3, 160 P. 878.

**10.** *City of Hugo v. State ex rel. Public Employees Relations Bd.*, see note 1 at ¶15, supra; *Marley v. Cannon*, see note 4, supra; *Adams v. Professional Practices Comm'n*, 1974 OK 88, ¶11, 524 P.2d 932.

**11.** *State ex rel. State Ins. Fund v. JOA, Inc.*, 2003 OK 82, ¶23, 78 P.3d 534. See also, *Pine v. State ex rel. Oklahoma Memorial Hosp.*, 1996 OK CIV APP 6, ¶9, 913 P.2d 1375.

**12.** *Burdick v.Independent School Dist.*, see note 13, infra.

interest must be advanced before estoppel may be invoked against either the state or a public agency.[13] Persons dealing with public officials are charged with notice of the limitations on their powers.[14] Generally, estoppel is not imposed merely where a party is given incorrect information [15] or a mistake occurs.[16]

¶ 10 Strong relies on a cause in which we recognized an exception to the general rules regarding estoppel and governmental entities, *Burdick v. Independent School District No. 52*, 1985 OK 49, 702 P.2d 48. *Burdick* involved a situation in which a school district allowed students not living in its district to attend its schools in excess of five years before it correctly determined that the students actually resided outside district lines. The school district sought to have the students reassigned to another facility. Under the facts presented, this Court determined that there was a strong public interest in promoting the continuity of attendance once a residential status had been honestly established and that protection of the student's *de facto* status warranted the imposition of estoppel against the school district.

¶ 11 Strong's position is distinguishable from the one in which the *Burdick* students found themselves. There, the students had been enjoying the benefits of school attendance for over five years. Here, Strong has received no benefit payment. Although we have sympathy with the economic situation Strong finds himself in, there is no strong public interest that supports the payment of early benefits nor is there any compelling or overriding equitable consideration in favor of the payments. This Court has no way of discerning whether other retirees have been given similar misleading or incorrect information. Instead of supporting the public interest, allowing the early payment of benefits might well cause harm to other retirees by destabilizing the financial status of the Retirement Program.

¶ 12 In *Kinzy v. State ex rel. Oklahoma Firefighters Pension & Retirement System*, 2001 OK 24, ¶ 10, 20 P.3d 818,[17] we emphasized that a public entity dealing with retirement benefits was prohibited from acting contrary to legally prescribed standards.[18] Although the case did not deal with the estoppel doctrine, it did recognize that equity never requires a useless act [19] and that the courts will not order a party to act illegally.[20]

¶ 13 The allowance of payment of benefits would require us act as a super-legislature by ordering the Board to pay benefits clearly neither authorized by law nor anticipated by the Legislature. This we may not do,[21] particularly where Strong admits his awareness of the statutory payment restrictions.[22] Therefore, we hold that, where the retiree signed a form containing the statutory language giving notice of the age and service requirements preceding the right to retirement benefits and he acknowledged an awareness of the language, the Board is not

13. *Burdick v.Independent School Dist.*, 1985 OK 49, ¶ 7, 702 P.2d 48.

14. *Ashland Oil, Inc. v. Corporation Comm'n*, see note 9, supra; *Airy v. Thompson*, see note 9, supra; *State ex rel. Com'rs of Land Office*, 1948 OK 240, ¶ 14, 199 P.2d 215.

15. *Indiana Nat'l Bank v. State Dept. of Human Services*, 1993 OK 101, ¶ 15, 857 P.2d 53; *Ashland Oil, Inc. v. Corporation Comm'n*, see note 9, supra. But see, *Burdick v.Independent School Dist.*, note 13, supra.

16. *State ex rel. Comm'rs of Land Office v. Phillips Petroleum Co.*, 1953 OK 395, ¶ 0, 258 P.2d 1193.

17. In *Lockhart v. Teachers' Retirement Sys.*, 1998 OK CIV APP 42, ¶¶ 6–7, 958 P.2d 810, the Court of Civil Appeals recognized that the general rules regarding estoppel and governmental entities applied to a situation similar to the one presented here, *i.e.* where a retiree was given incorrect information by employees of the system.

18. See also, *Boydston v. State*, see note 6, supra. See also, *Special Indem. Fund v. Prewitt*, 1948 OK 104, ¶ 10, 205 P.2d 306.

19. See also, *Parker v. McCauley*, 1964 OK 86, ¶ 9, 393 P.2d 527; *Grady v. Marshall*, 1955 OK 285, ¶ 20, 288 P.2d 1101.

20. See also, *McCormack v. Town of Granite*, 1995 OK 105, ¶ , 913 P.2d 278.

21. *City of Tulsa v. State ex rel. Public Employees Relations Bd.*, 1998 OK 92, ¶ 18, 967 P.2d 1214; *Toxic Waste Impact Group, Inc. v. Leavitt*, 1988 OK 20, ¶ 10, 755 P.2d 626.

22. See, *Gammill v. Shackelford*, 1970 OK 42, ¶ 9, 480 P.2d 920.

estopped from denying benefits despite its having given the retiree incorrect information concerning the date he was entitled to draw retirement.[23]

## CONCLUSION

¶ 14 The Retirement Board has no authority to pay retirement benefits to a police officer until the officer meets the time restrictions of 11 O.S. Supp.2004 § 50–111.1 To apply estoppel would: 1) require us to ignore the general rule that estoppel will not lie against the government; 2) have the effect of granting to the Retirement Board the power to bind the state merely by representing that they have the authority to do so; 3) require

us to dismiss the clear, implicit and unmistakable statutory language; 4) ignore the fact that the retiree had actual knowledge of the date restrictions; and 5) send a signal to potential retirees that allegations of the receipt of incorrect information might result in benefit payments not authorized by statute.

¶ 15 Under these facts, we determine that the Board is not estopped from denying benefits despite its originally having given the retiree incorrect information concerning the date he was entitled to draw retirement.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT**

---

**23.** Our determination is consistent with the majority of jurisdictions determining that erroneous information given to a claimant could not estop the government from denying benefits not otherwise permitted by law. *Office of Personnel Mgt. v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387 (1990), *rehearing denied,* 497 U.S. 1046, 111 S.Ct. 5, 111 L.Ed.2d 821 (1990); *Schism v. United States,* 316 F.3d 1259, 1273 (Fed.Cir.2002), *cert. denied,* 539 U.S. 910, 123 S.Ct. 2246, 156 L.Ed.2d 125 (2003); *Hein v. Federal Dep. Ins. Corp.,* 88 F.3d 210, 220 (3rd Cir.1996), *cert. denied,* 519 U.S. 1056, 117 S.Ct. 683, 136 L.Ed.2d 608 (1997); *Leon v. Murphy,* 988 F.2d 303, 309 (2nd Cir.1993); *Russo v. Health, Welfare & Pension Fund.,* 984 F.2d 762, 765 (7th Cir.1993); *Jones v. Department of Health & Human Services,* 843 F.2d 851–52 (5th Cir.1988); *Hanson v. Office of Personnel Mgt.,* 833 F.2d 1568 (Fed.Cir.1987); *Rainaldi v. Public Employees Retirement Bd.,* 115 N.M. 650, 857 P.2d 761, 768 (1993); *Miller v. State Employees' Retirement System,* 156 Pa.Cmwlth. 83, 626 A.2d 679, 682 (1993), *reconsideration denied,* (1993); *Withers v. Register,* 246 Ga. 158, 269 S.E.2d 431– 32 (1980); *State v. McCarty,* 76 Idaho 153, 279 P.2d 879–80 (1955); *Board of Control of the Employees' Retirement Sys. of Alabama v. Hadden,* 854 So.2d 1165, 1169 (Ala.Civ.App.2002); *City of Oakland v. Public Employees Retirement Sys.,* 95 Cal.App.4th 29, 115 Cal.Rptr.2d 151, 162 (2002), *review denied,* (2002); *Bracero v. McCall,* 279 A.D.2d 755, 719 N.Y.S.2d 338 (2001); *Fraternal Order of Police v. Board of Trustees of the Police & Firemen's Retirement Sys.,* 340 N.J.Super. 473, 774 A.2d 680, 688–89 (2001); *Wallace v. Board of Trustees,* 145 N.C.App. 264, 550 S.E.2d 552, 560 (2001), *review denied,* 354 N.C. 580, 559 S.E.2d 553 (2001); *State ex rel. Shumway v. State Teachers Retirement Board,* 114 Ohio App.3d 280, 683 N.E.2d 70, 76 (1996); *Grabicki v. Department of Retirement Sys.,* 81 Wash.App. 745, 916 P.2d 452, 458 (1996), *review denied,* 130 Wash.2d 1010, 928 P.2d 412 (1996); *Clarkson v. Judges' Retirement Sys.,* 173 Mich.App. 1, 433 N.W.2d 368, 371 (1988); *Chambers v. Parochial*

*Employees' Retirement Sys. of Louisiana,* 398 So.2d 102, 105 (La.App.1981), *writ denied,* 400 So.2d 1382 (La.1981); *O'Neill v. State Dept. of Treasury,* 178 N.J.Super. 211, 428 A.2d 562–63 (1981); *Bryson v. Public Employees Retirement Bd.,* 45 Or.App. 27, 607 P.2d 768, 769–70 (1980); *Kellams v. Public School Employees Retirement Bd.,* 38 Pa.Cmwlth. 101, 391 A.2d 1139 (1978), *aff'd,* 486 Pa. 95, 403 A.2d 1315 (1979); *Department of Admin. Div. of Retirement v. Flowers,* 356 So.2d 14 (1978), *cert. denied,* 359 So.2d 1214 (Fla.1978). The Court of Civil Appeals aligned itself with the majority in *Lockhart v. Teachers' Retirement Sys. of Oklahoma,* see note 17, supra. The appellate court recognized the general rule that estoppel will not lie against the government in *Tice v. Pennington,* 2001 OK CIV APP 95, ¶ 16, 30 P.3d 1164. Nevertheless, it allowed the doctrine's use where to fail to do so would injure the public interest in proficient medical care absent prevarication, concealment, and/or misrepresentation.

But see, *Branca v. City of Miramar,* 634 So.2d 604–05 (Fla.1994); *Gonzales v. Public Employees Retirement Bd.,* 114 N.M. 420, 839 P.2d 630, 634 (1992) *cert. denied,* 114 N.M. 227, 836 P.2d 1248 (1992); *Quillian v. Employees' Retirement Sys. of Georgia,* 259 Ga. 253, 379 S.E.2d 515–16 (1989); *Law Enforcement Labor Serv., Inc. v. County of Mower,* 483 N.W.2d 696, 701 (Minn.1992); *Gorman v. City of Haines,* 675 P.2d 646, 648–49 (Alaska 1984); *Nevada Pub. Employees Retirement Bd. v. Byrne,* 96 Nev. 276, 607 P.2d 1351, 1353 (1980); *Hatcher v. Flockhart Foods, Inc.,* 161 N.C.App. 706, 589 S.E.2d 140, 143 (2003), *review denied,* 358 N.C. 234, 595 S.E.2d 150 (2004); *City of Mobile v. Sumrall,* 727 So.2d 118, 120–21 (Ala.Civ.App.1999); *Hitchcock v. Washington State Dept. of Retirement Sys.,* 39 Wash. App. 67, 692 P.2d 834, 838 (1984), *review denied,* 103 Wash.2d 1025 (1985); *Kern v. City of Flint,* 125 Mich.App. 24, 335 N.W.2d 708–09 (1983); *Hauser v. New York State Comptroller,* 83 A.D.2d 649, 442 N.Y.S.2d 193 (1981); *Albright v. City of Shamokin,* 277 Pa.Super. 344, 419 A.2d 1176–77 (1980).

AFFIRMED; ORDER OF OKLAHOMA POLICE AND RETIREMENT BOARD SUSTAINED.

ALL JUSTICES CONCUR.