1997 OK 115

**Connie SCHEER, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. I–26 OF OTTAWA COUNTY, OKLAHOMA a/k/a Afton Public Schools, Appellee.**

No. 87773.

Supreme Court of Oklahoma.

Sept. 23, 1997.

As Corrected Nov. 14, 1997.

Rehearing Denied Nov. 18, 1997.

Richard B. Wilkinson, Oklahoma Education Association, Oklahoma City, for Appellant.

J. Douglas Mann, Jerry A. Richardson, Rosenstein, Fist & Ringold, Tulsa, for Appellee.

SUMMERS, Vice Chief Justice.

¶ 1 A young teacher, near the end of her third and final year as a "probationary teacher," signed "a Temporary Certified Employee Contract" for her fourth year. When the school district did not rehire her after the fourth year she sued, claiming tenured or "career" status. This case gives us, for the first time, the chance to address the question of when does tenured (or career) status first take effect under Oklahoma's statutes for teachers. The District Court granted summary judgment to the school district. The Court of Civil Appeals reversed and reinstated her. We affirm the judgment of the District Court.

¶ 2 Connie Scheer was first employed by the Afton School District for the 1990–1991 school year. She was thereafter employed for each of the next two years. Each year she was given evaluations, the results of which were that she was asked to improve in several different areas. More than once she was given a plan for improvement written by her administrator.

¶ 3 On April 1, 1993, before Scheer had completed her third year of teaching, the school administration approached her and offered her a temporary contract for the following year. The school district was required by statute to make a decision as to her employment prior to April 10, or Scheer would have been entitled to continuing employment. *See* 70 O.S.Supp.1994, § 6–101(E). The school declined to offer her a permanent contract because of the many concerns about her teaching. Rather than terminating her, it offered the temporary contract as a "last chance" for improvement. After being given an opportunity to review the contract, Scheer signed it.

¶ 4 The contract stated clearly that it was a "TEMPORARY CERTIFIED EMPLOYEE CONTRACT." The following provision was contained in the contract:

IT IS EXPRESSLY UNDERSTOOD BY THE TEACHER THAT THE TEACHER IS EMPLOYED ONLY AS A TEMPORARY TEACHER; THAT THE TEMPORARY TEACHER BY SIGNING THIS CONTRACT AGREES HE/SHE IS NOT ENTITLED TO ANY CONTINUING CONTRACT PROVIDING EMPLOYMENT DURING FOLLOWING SCHOOL YEARS; THAT BY SIGNING THIS CONTRACT THE TEACHER HEREBY SUBMITS TO THE BOARD HIS/HER RESIGNATION EFFECTIVE AT THE END OF THE 1993–94 SCHOOL YEAR; THAT THE TEACHER HEREBY AUTHORIZES THE SUPERINTENDENT TO MAIL THIS RESIGNATION TO THE BOARD BY

CERTIFIED MAIL AS AGENT OF THE TEACHER; AND THAT SINCE THE TEACHER HAS RESIGNED AND IS EMPLOYED ONLY FOR THE BALANCE OF THE SCHOOL YEAR THAT THE TEACHER WILL NOT RECEIVE ANY FURTHER NOTICE FROM THE BOARD REGARDING ANY CONTINUATION OF THIS CONTRACT.

¶ 5 She worked as a teacher for the 1993–94 year under the temporary contract. When the School Board decided not to continue her employment beyond that year she brought suit in state court for breach of contract and loss of employment in violation of due process. The trial court granted summary judgment to the school district.

¶ 6 Essentially, Scheer urges that she was a tenured, or career[1], teacher. Recognizing that to be a tenured teacher she must have served as a teacher for three years, she claims tenure because she was employed under three one-year contracts, and the fourth contract—the temporary contract—was an invalid waiver of her rights to tenure. She finds it irrelevant that when she signed the temporary contract she had not yet completed her third year. In the alternative, she urges that by working the fourth year—albeit under a temporary contract—she attained career or tenured status.

¶ 7 The School District urges that Scheer was not a tenured teacher, and therefore the School District was not bound by the requirements accorded to tenured teachers at the time it offered the alternative contract in lieu of termination. It claims that realizing Scheer would soon be tenured, the District offered her a temporary contract rather than dismiss her altogether. In so doing, it did not intend to offer her tenure, but instead attempted to give her another chance for improvement. The School District also

urges that according to state law her employment under a temporary contract did not count toward giving her career or tenured status.

¶ 8 There are two principal issues before us. First, was Scheer tenured, either before or after her performance under the temporary contract? If we answer this in the affirmative, we must next address whether a tenured teacher may waive tenure rights in a contract in exchange for continued employment for another year. We hold that under Oklahoma law she was not tenured either before or after the completion of the temporary contract. Because she had no tenure we need not address whether such rights may be waived by the teacher.[2]

¶ 9 The Oklahoma statutes set out an extensive plan for tenure, renewal, dismissal, and non-renewal procedure. The statutes define the relevant terms as follows:

§ 6–101.3 Definitions

4. "Career teacher" means a teacher who has completed three (3) or more consecutive complete school years in such capacity in one school district under a written teaching contract;

6. "Probationary teacher" means a teacher who has completed fewer than three (3) consecutive complete school years in such capacity in one school district under a written teaching contract;

8. "Teacher" means a duly certified or licensed person who is employed to serve as a counselor, librarian or school nurse or in any instructional capacity; an administrator shall be considered a teacher only with regard to service in an instructional, nonadministrative capacity.

■ ¶ 10 Under these definitions Scheer was not tenured. Clearly, she was not tenured at the time she signed the "temporary"

---

1. Current Oklahoma Statutes do not use the term "tenured", but instead use the term "career" to refer to a teacher who has accomplished a certain number of years teaching and has reached a certain level of accomplishment in his or her skills. See 70 O.S.1991 § 6–101 et seq.

2. We recognize that the question of whether tenure rights may be waived is the subject of much dispute. Courts in some states hold that tenure rights may not be waived. *Bruton v. Ames Com-*

*munity School Dist.*, 291 N.W.2d 351 (Iowa 1980); *Ex parte Wright*, 443 So.2d 40 (Ala.1983). *See also Parker v. Independent School Dist.*, 82 F.3d 952 (10th Cir.1996). Others hold that these rights are subject to waiver if the waiver is knowing and voluntary. *Feinerman v. Board of Cooperative Educ. Serv.*, 48 N.Y.2d 491, 423 N.Y.S.2d 867, 399 N.E.2d 899 (1979); *Juul v. Board of Educ.*, 76 A.D.2d 837, 428 N.Y.S.2d 319 (1980).

teaching contract, because she had not **completed** her third consecutive year. The School District was required by statute to inform her prior to April 10 as to whether her contract would be renewed. In following its statutory obligation, the School District notified her that the most she would be offered was a temporary contract. This occurred before April 10, and before the completion of her third consecutive year of teaching. At the time she signed the contract she had no rights to tenure.

■ ¶ 11 A narrow interpretation of the definition of "career teacher" might lead to the conclusion that she became tenured after this third year regardless of the school district's actions based on their dissatisfaction with her performance. But such an interpretation destroys the apparent intent of the statutory scheme created by the legislature. The legislature intended teachers to acquire tenure after their third year. At all times prior to completion of the third year a teacher's status is probationary, as is expressly stated in the definition of "probationary teacher." 70 O.S.Supp.1991 § 6–101.3(6). This permits a teacher to have three years to reach an acceptable level with regard to her or his teaching skills, and permits the school district three years to evaluate and perhaps seek improvement of a probationary teacher. *See Davis v. Board of Educ.*, 126 Mich.App. 89, 342 N.W.2d 528 (1983) (court holds that tenure does not accrue until the anniversary date of first employment after a statutorily specified number of years).

¶ 12 If we were to follow Scheer's narrow interpretation, both the probationary teacher and the school district lose a year within which to improve and evaluate. If a probationary teacher in fact gains some expectancy of tenure after signing her third consecutive contract (which under statute must occur prior to April 10 of her second year), but before completing the performance required under the contract, a school district will be forced to allow a probationary teacher only two years within which to

meet a particular teaching standard before being forced to decide whether the teacher should be re-employed or terminated. In essence, this interpretation would create a third class of teachers not contemplated by the legislature: probationary teachers with two years of experience who have signed a contract for the third year. Though still probationary under the statute they would be protected as tenured if they can just finish out the third year.

¶ 13 We decline to adopt the interpretation argued by Scheer. Rather we hold that as expressly stated by Section 6–101.3, to receive tenure a teacher must have completed a third successful year. *See Spiewak v. Board of Educ.*, 90 N.J. 63, 447 A.2d 140 (1982) (tenure does not accrue until statutory time has been completed.) At the time she signed the Temporary Contract (prior to April 10 of her third year) she was a probationary teacher, and the school district had the right to consider her as such. The school district could have simply non-renewed her contract prior to that April 10. The fact that she finished out the final month of school did not nullify or counteract the school's decision.

¶ 14 There is no legally protectible interest in tenure after two years. Both the school district and the probationary teacher are given three years to evaluate and meet standards. This interpretation not only complies with our statutory scheme, but also furthers one of the purposes of tenure by improving the level of teacher qualification. *Babb v. Independent School District No. I–5*, 829 P.2d 973, 975 (Okla.1992).

■ ¶ 15 The second argument urged is that Scheer gained tenure by working her fourth year under the temporary contract. Our statutes require that we hold she did not. Title 70 O.S.Supp.1991, Section 6–101.23(A)(3) states that "teachers who are employed on temporary contracts" are exempt from the tenure laws.[3] Scheer's employment was extended to a fourth year only by a temporary contract. Specifically, if she

3. Section 6–101.23 reads in full:
  A. The dismissal, suspension and nonreemployment provisions of the Teacher Due Process Act of 1990 shall not apply to:

1. Substitute teachers;
2. Adult education teachers; and
3. *Teachers who are employed on temporary contracts.* (Emphasis added)

did not have tenure before signing the temporary contract, she was exempted under Section 6–101.23. The legislature did not intend for teachers under temporary contracts to have the due process rights afforded to career teachers working under permanent contracts. Scheer did not gain tenure by working a fourth year under a temporary contract. *See Cipu v. North Haven Bd. Of Educ.,* 32 Conn.Supp. 264, 351 A.2d 76 (1974) (temporary contract did not apply toward time of employment for tenure purposes).

¶ 16 Scheer urges that the School District should not be permitted to use temporary contracts. However, temporary contracts for teachers are contemplated in the statutory scheme, and it is not the duty of this Court to second-guess the Legislature. *See* 70 O.S.Supp.1991, § 6–101.23(A)(3).

¶ 17 Certiorari having previously been granted, the opinion of the Court of Civil Appeals is vacated. The judgment of the District Court of Ottawa County is affirmed.

¶ 18 All Justices concur.

