IN RE THE GUARDIANSHIP OF A.N.A.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE THE GUARDIANSHIP OF A.N.A.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE THE GUARDIANSHIP OF A.N.A.
2020 OK CIV APP 7
457 P.3d 1099
Case Number: 117578
Decided: 01/17/2020
Mandate Issued: 02/13/2020
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 7, 457 P.3d 1099

 

IN RE THE GUARDIANSHIP OF A.N.A., Minor Child,

ROBYN HELTON, Petitioner/Appellee,
v.
THOMAS ADEY, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
CRAIG COUNTY, OKLAHOMA

HONORABLE JESS B. CLANTON JR., JUDGE

AFFIRMED IN PART; REVERSED IN PART

Blake M. Feamster, HENRY + DOW, Tulsa, Oklahoma, for Petitioner/Appellee,

Brian L. Jackson, GARDNER & JACKSON, PLLC, Vinita, Oklahoma, for Respondent/Appellant.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 In this guardianship proceeding, Respondent/Appellant, Thomas Adey (Father), natural father of A.N.A., born January 25, 2014, minor child, appeals from the trial court's order granting visitation rights to Petitioner/Appellee, Robyn Helton, the maternal aunt and former guardian of the child (Aunt). The trial court entered an order of October 15, 2018, terminating Aunt's guardianship of the child effective December 15, 2018, but granting Aunt post-termination visitation with the child. We hold that upon termination of the guardianship, the trial court was without subject matter jurisdiction to enforce the visitation order. Accordingly, the portion of the trial court's order granting Aunt visitation with the child following the termination of the guardianship is reversed. The remainder of the court's order terminating the guardianship is affirmed.

¶2 The child was born out of wedlock as the result of a romantic relationship between the child's natural mother and Father. During mother's lifetime, child lived with her mother and Aunt and had little to no contact with Father. Mother died November 7, 2017. Aunt initiated guardianship proceedings to continue caring for child. Father sought custody of the child through the guardianship.

¶3 On December 15, 2017, the trial court granted Aunt guardianship and ordered incrementally increasing visitation between Father and child. Father filed a motion to terminate the guardianship instanter. The trial court denied the motion but ordered the guardianship to expire December 15, 2018. Upon expiration, Father was granted full custody of the child. The trial court stated Father a "fit person" but held it was "not in [child's] best interests to have the Guardianship dismissed instanter, since she has always lived with aunt/guardian, and has exhibited issues noted above, but that it is in her best interest for it to be dismissed after a transitional period, involving increased overnight stays with her father and his spouse and other children, and increased bonding." Trial Court Minute of September 27, 2018.

¶4 Father filed a second motion to terminate the guardianship instanter which was denied. The trial court's order of October 15, 2018, specifically stated termination of the guardianship instanter was not in the child's best interest and that its prior order continued in full force and effect. Additionally, the trial court ordered a minimum visitation schedule for the child and Aunt. Father appeals from the order of October 15, 2018.

¶5 On appeal, Father asserts the visitation order must be reversed because the trial court lacked the authority to grant visitation to the maternal aunt. While Father does not specifically argue that the trial court lacked subject matter jurisdiction to render the order, we raise this question sua sponte and hold this question disposes of this appeal. "[T]his Court is duty-bound to inquire into the jurisdiction of the court from whence the decision came." Muskogee Fair Haven Manor Phase I, Inc. v. Scott, 1998 OK 26, ¶13, 957 P.2d 107. "Subject matter jurisdiction exists when a court has power to proceed in a case of the character presented, or power to grant the relief sought in a proper cause." Oklahoma Dep't of Sec. ex rel. Faught v. Blair, 2010 OK 16, ¶19, 231 P.3d 645. "Subject matter jurisdiction is invoked by the pleadings filed with the court." Id. "Where the pleadings state a cause over which the court's jurisdiction extends, jurisdiction attaches and the court has the power to hear and determine the issues involved." In re A.N.O., 2004 OK 33, ¶9, 91 P.3d 646.

¶6 Here, the trial court had the subject matter jurisdiction to order and administer the guardianship proceeding and retained that jurisdiction "until termination of the proceeding." 30 O.S. 2011 §1-113(B). The guardianship may be terminated when the court determines the guardianship "is no longer necessary." 30 O.S. 2011 §4-804. There is no dispute the guardianship was no longer necessary as evident from the trial court's order granting Father full custody of his child. Thus, the court's jurisdiction concluded upon its entry of the order terminating the guardianship and the trial court had no authority to order Father to submit the child to visitation against Father's wishes.

¶7 Aunt argues Father waived his objection to the court's exercise of jurisdiction to order visitation. This argument lacks legal merit. "Since subject matter jurisdiction concerns the competency of the court to determine the particular matter, it cannot be waived by the parties or conferred upon the court by their consent and it may be challenged at any time in the course of the proceedings." In re A.N.O., 2004 OK 33 at ¶9.

¶8 Aunt next argues the visitation order should be upheld because the Oklahoma Supreme Court has recognized that third-party visitation is based upon equitable considerations. Aunt cites In re Bomgardner, 1985 OK 59, 711 P.2d 92, as support. This case is inapplicable to this intra-family visitation dispute. In re Bomgardner pertained to a request for grandparent visitation which arose before the Oklahoma Legislature enacted the statute permitting grand-parental visitation rights.

¶9 Aunt also insists the visitation order should be upheld because visitation was in the child's best interest. Aunt maintains Father had virtually no contact with the child prior to Aunt's request for guardianship, and the child had lived her entire life with her mother, now deceased, and Aunt. We are sympathetic to Aunt's arguments. We are also aware Aunt's evidence supported a finding that the child's best interest may be served by Aunt's visitation with child. However, Aunt has no constitutional right to visit her minor niece, nor does Aunt have any statutory visitation rights under Oklahoma law. See K.R. v. B.M.H., 1999 OK 40, ¶17, 982 P.2d 521. While this may seem unfair or counter to the child's best interest, "the wisdom of choices made within the Legislature's law-making sphere are not our concern, because those choices - absent constitutional or other recognized infirmity -rightly lie within the legislative domain." Head v. McCracken, 2004 OK 84, ¶13, 102 P.3d 670. This Court may only interpret the laws as we find them. For these reasons, equity cannot be invoked to create such visitation rights.

¶10 As alluded above, Oklahoma law does provide grandparents with court-compelled, statutory visitation rights under certain circumstances. See 43 O.S. Supp 2016 §109.4. It is possible Aunt could have secured access to the child vis ¿ vis the maternal grandparents' statutory visitation rights. See, e.g., K.R. v. B.M.H., 1999 OK 40 at ¶17. But, the maternal grandparents did not petition for such visitation rights under §109.4, and the court's subject matter jurisdiction was not invoked by proper pleadings to hear and determine a cause under §109.4. Consequently, to the extent the trial court relied on §109.4 to exercise "continuing" subject matter jurisdiction over the child to grant Aunt visitation, this was error. However, our decision herein does not prevent the maternal grandparents from petitioning for such statutory visitations rights pursuant to §109.4.

¶11 Father contends §109.4 is unconstitutional. Because the trial court's lack of subject matter jurisdiction decides this appeal, we decline to address Father's constitutional challenge to §109.4. "Courts, of course, will pass upon the constitutionality of a statute only when it is necessary to a determination on the merits." In re A.N.O., 2004 OK 33 at ¶14, quoting Schwartz v. Diehl, 1997 OK 115, 568 P.2d 280.

¶12 We also reject Father's arguments challenging the trial court's continuation of the underlying guardianship proceeding over his objection. The guardianship terminated December 15, 2018. Thus, this issue is moot. "It is a long-established rule that this court will not consume its time by deciding 'abstract propositions of law' or moot issues." State ex rel. Oklahoma Firefighters Pension & Ret. Sys. v. City of Spencer, 2009 OK 73, ¶4, 237 P.3d 125.

¶13 The child's best interest is the paramount consideration of the trial court when determining visitation. Daniel v. Daniel, 2001 OK 117, ¶21, 42 P.3d 863. It is presumed that a minor child's best interest "is served by placement with its natural parent in the absence of clear and convincing evidence establishing that the parent is unfit." Guardianship of M.R.S., 1998 OK 38, ¶14, 960 P.2d 357. "In considering the welfare of a child, the natural love and affection of a parent is of great importance." Id. at ¶15. Father's fitness to raise and care for his child is not contested. For these reasons, we find the portion of the trial court's order granting visitation to Aunt, over Father's objection, is contrary to law, and that portion of the order is reversed. The remainder of the order terminating the guardianship is affirmed.

¶14 AFFIRMED IN PART; REVERSED IN PART.

BUETTNER, J., and GOREE, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 2004 OK 33, 91 P.3d 646, IN RE: A.N.O., A MINOR CHILD
Discussed at Length
 2004 OK 84, 102 P.3d 670, HEAD v. McCRACKEN
Discussed
 2009 OK 73, 237 P.3d 125, STATE ex rel. OKLA. FIREFIGHTERS PENSION AND RETIREMENT SYSTEM v. CITY OF SPENCER
Discussed
 2010 OK 16, 231 P.3d 645, DEPT. OF SECURITIES ex rel. FAUGHT v. BLAIR
Discussed
 1977 OK 115, 568 P.2d 280, SCHWARTZ v. DIEHL
Cited
 1997 OK 115, 948 P.2d 275, 68 OBJ 3090, SCHEER v. INDEPENDENT SCHOOL DISTRICT NO.1-26
Cited
 1998 OK 26, 957 P.2d 107, 69 OBJ 1167, MUSKOGEE FAIR HAVEN MANOR v. SCOTT
Discussed
 1998 OK 38, 960 P.2d 357, 69 OBJ 1782, MATTER OF GUARDIANSHIP OF M.R.S.
Discussed
 1999 OK 40, 982 P.2d 521, 70 OBJ 1547, K.R. v. B.M.H.
Discussed at Length
 1985 OK 59, 711 P.2d 92, Bomgardner, In re
Discussed
Title 30. Guardian and Ward
 Cite
Name
Level

 30 O.S. 1-113, Appointment of Guardian - Exclusive Jurisdiction
Cited
 30 O.S. 4-804, Discharge of Unnecessary Guardianship
Cited
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 109.4, Visitation Rights of Grandparent of Unmarried Minor
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA